REGAN, Judge.
Plaintiff, Anna Burke, a femme sole, instituted this suit in the amount of $57,920.45 against defendants, Gervais Favrot, contractor, and his liability insurer, New Amsterdam Casualty Company, endeavoring to recover damages for personal injuries sustained .by her on December 11, 1946, by virtue of the alleged negligence of defendant contractor or his employees in conducting repair work to the Audubon Building, which caused ’her to fall to the sidewalk of Burgundy Street between Canal and Iber-ville Streets and injure herself.
Defendants answered, and denied that Favrot or his employees were guilty of any negligence in the premises, and, in the alternative, pleaded the contributory negligence of the plaintiff.
At the inception of the trial in the court, a qua, counsel for defendants stipulated that Gervais F. Favrot is not an individual contractor, but that Gervais F. Favrot Company is an ordinary partnership, engaged in the general contracting business and which firm is composed of Gervais F. Favrot, Beverly A. Favrot, Joan H. Favrot, J. C. Wikle and J. W. Wilson, and it was agreed that liability ■ for any judgment rendered herein would attach to the partnership and the individual members thereof.
There was judgment by the trial judge in favor of defendants dismissing plaintiff’s suit. Hence this appeal by plaintiff.
The record reveals that the defendant contractor, at the time of the accident, was engaged in effecting repairs on the second floor of the Audubon Building, the situs of which is at the corner of Canal and Burgundy Streets, in the City of New Orleans, The matter of repairs necessitated some demolishing work and then the removal of the resulting debris. To facilitate and expedite these repairs a mechanical tower hoist was employed, which operated from the level of the sidewalk to the upper floor. The construction of the hoist while unimportant, but for the purpose of elucidation, consisted of one shaft, with a platform used for the purpose of raising and lowering wheelbarrows loaded' with debris or other material. In order to safeguard and protect pedestrians who had occasion to use the sidewalk over which the hoist was erected, defendant constructed a canopy or passageway, the dimensions of which were about fourteen feet long, eight feet high,and three feet wide. The principal material used in its construction consisted of heavy lumber of 2" x 8", 2" x 10" and 2" x 12", with the inner, wall thereof covered with plywood to prevent small pieces of debris or dust from filtering through and inadvertently falling on pedestrians. The - canopy and tower hoist was erected and operated fully in accordance with city ordinances, made and provided therefor, and all recognized standards- of safety. 1 •
The record further reveals that the plaintiff is a woman 57 years of age, and has been employed by the Maison Blanche Company over a period of 29 years as a saleslady, earning $32 per week by virtue of a fixed salary of $22 together with commissions earned thereon in the approximate amount of $10.
In conformity with the rules of Maison Blanche Company covering the employee personnel thereof, plaintiff was due to report for -work at 10:00 A.M. on the morning of the accident. However, at 9:50 A.M., while on- her way to work,’ she walked through the canopy or passageway, the sidewalk of which she alleges was strewn with loose gravel or rock, and stepped on a piece thereof which caused her to lose her equilibrium, slide forward and fall to the sidewalk, striking her side and face, resulting ultimately in :the serious injuries of which she now complains and which necessitated her hospitalization for the adequate treatment thereof.
*361 The record further reflects that the employees’ entrance to the building of Maison Blanche Company is located in Iberville Street, between Burgundy and Dauphine Streets. When' proceeding to work, plaintiff, in accordance with her custom, arrived in Canal Street and then walked through the arteries of Burgundy Street- or Dau-phine Street in order to reach the employees’ Entrance in Iberville Street; however, plaintiff established the fact that she used Dauphine Street for this purpose because it was “closer”, much more habitually than she used Burgundy Street.
The record further reflects that when walking through Burgundy Street, plaintiff traversed the sidewalk opposite the Audubon Building or the lakeside thereof. On several occasions an ice truck, engaged in delivering ice, was stopped adjacent to the Burgundy Street entrance of McCrory’s store which is across the street from the situs of the accident and, in order to avoid stepping on the crushed ice which had fallen to the sidewalk, she would cross Burgundy Street diagonally to the riverside walk because plaintiff recognized that a hazard existed by virtue of this crushed ice laying thereon; that the ice truck was generally past the location of defendant’s tower hoist, so therefore it was seldom necessary for plaintiff, rwhen crossing Burgundy Street, to enter the canopy or passageway which had been erected by the defendant. However, on two or three occasions prior to the accident, plaintiff had! walked through the passageway and observed gravel, r.ocks or other debris strewn on the sidewalk, but because she exercised caution in avoiding stepping on the loose gravel or rock, she managed to walk through the passageway on these occasions without any mishap.
Plaintiff contends that, on the morning of the accident, she walked down Burgundy Street, on the river side thereof, and then entered the passageway or canopy which was strewn with loose gravel or rock which she again observed' and intended to avoid ; but for some unknown reason she walked on a piece of loose gravel or rock, which caused her to fall in the manner described hereinabove.
Plaintiff then sets forth categorically that defendant was guilty of negligence in the following particular respects: ■
“(a) The,gross negligence and carelessness o-f said defendant, Gervais F. Favrot, and/or his employees in providing and constructing such a narrow passageway for pedestrians.
“(b) The gross negligence and carelessness of said defendant, Gervais F. Favrot, and/or his employees in failing to properly construct said canopy or shed in such a way as to prevent said gravel or rock and other debris or building material from falling into said narrow passageway.
■ “(c) The gross negligence and carelessness of said defendant, Gervais F. Favrot, and/or his employees in failing to sweep or remove said gravel or rock from said pas-, sageway.
“(d) The gross negligence and carelessness of said defendant, Gervais F. Favrot, and/or his employees in failing' to take proper precautions to prevent said rock or gravel from falling or being in said passageway, and in failing to properly safeguard pedestrians by not furnishing them a safe passageway in or upon which to walk.”
Defendant,'in opposition to these contentions maintains that neither he nor his employees were 'guilty of any negligence in the premises, and elucidates in detail upon the inherent safety and protection that the construction of the canopy or passageway over the sidewalk in question afford pedestrians, and maintains that the sidewalk was swept and kept clean of debris by an employee of the defendant contractor, so that, at the time of plaintiff’s fall, it was clean; in the alternative, defendant maintains that if plaintiff was injured, it was due to her contributory negligence “in not watching where she was going and in not walking in a careful manner, but losing her balance or tripping- while walking on said sidewalk after she had passed through said passageway and had reached a point six to'eight feet beyond said passageway on the Iber-ville Street side thereof; that said petitioner had full knowledge that said work was going on and knew that said shed was constructed prior to the accident; that she *362 failed, to use any extra care .or caution or the ordinary care and caution which she was required to use under the existing’ conditions, which contributory, negligence on her part was the sole and proximate cause of said accident without which same would never have happened.”
We have carefully examined the record and we find no error in the conclusion reached by the trial, judge, a fortiori we are of the opinion, as he was,, that plaintiff’s allegations of negligence set forth herein-above in paragraphs identified as (a) and (b) are not supported by the evidence, which shows conclusively that both the passageway and canopy or shed was properly constructed, in conformity with city ordinances and other recognized standards of safe construction, so as to afford pedestrians the greatest measure of protection.
The record reflects the existence therein of a dispute between the witnesses offered on behalf of plaintiff and defendant relative to the existence of gravel or rock on the sidewalk, which, in the final analysis, created a conflict on this important point in the testimony. The trial judge concluded that the burden of proof was on plaintiff to establish this fact and that he was therefore compelled to rule that there was no loose gravel or rock, on the sidewalk in the passageway at the time of the accident. However, he wisely pretermitted this questiop- and' assumed arguendo that “there was loose gravel or ro.ck strewn in the passageway”, .a view most' favorable to the plaintiff, in, order to logically arrive at his decision, and we find written reasons therefor contained in the record,, of. which we approve and quote therefrom as follows:
“There is no charge that the passageway was not sufficiently-lighted, nor that it constituted a trap. To the contrary, plaintiff admits sfa.e was fully aware of the presence of loose gravel or rock. In .fact, she was conscious of the danger of tripping or fall--ing from loose material on the sidewalk, because she avoided the opposite side of the street when loose- ice, was on the sidewalk, and deliberately sidestepped the loose gravel or rock in the passageway to-avoid stepping and tripping- on it. ■
“Under these circumstances, even if the defendant were guilty of primary negligence in permitting the gravel or rock to collect in the passageway on the sidewalk, plaintiff would be guilty of contributory negligence.”
In our opinion a pedestrian ‘is not required to keep his eyes constantly upon the sidewalk and he may assume that the sidewalk is reasonably safe for pedestrian traffic; however, he must see those defects which are obvious and apparent and which would be noticed by the reasonably and ordinarily prudent person.
For the- reasons assigned the judgment appealed from is affirmed.
Affirmed.