DORÉ, Judge.
This is a suit for personal injuries sustained by plaintiff as a result of falling down near the rear of the Calcasieu Marine National Bank on Pujo Street in the City of Lake Charles, on May 17, 1950. The plaintiff alleges that on that day the American Waterproofing Company was engaged in sandblasting the Calcasieu Marine National Bank; that oh the afternoon of that day she, in the company of two male companions, was walking east on the sidewalk on Pujo Street along the south side of said bank building when an employee of the American Waterproofing Company pushed a piece of equipment out on the sidewalk causing the petitioner to have to step aside and in so doing to slip and fall because of the sand which was left on the *265 sidewalk by the employees of said American Waterproofing Company who were sandblasting said bank; that the accident was due solely to said negligent acts of the employees of the American Waterproofing Company and to the fact that said company failed to properly barricade the sidewalk while sandblasting the bank and failed to use due and proper care in removing sand from the sidewalk and proper care in moving equipment on the sidewalk. Plaintiff alleges that as a result of the accident she received painful injuries and was compelled to expend money for medical, hospital and incidental expenses and she sues the insurer of the American Waterproof--ing Company for her alleged damages.
The defendant filed an answer wherein it denies any negligence on the part of its assured and wherein in the alternative it pleads contributory negligence and/or assumption of risk on the part of plaintiff, particularly in three respects, to-wit:
1. In deliberately entering an area blocked off at the time of the accident by barriers properly placed;
2. In crossing an incline well known and often traversed by plaintiff without taking proper precautions or slowing her gait;
3. In deliberately or without exercising ordinary precaution, failing to observe the condition of the area in which she allegedly fell and in failing to advert to the conditions surrounding her.
After trial of the case, the lower court, for written reasons assigned, came to the conclusion that the plaintiff was guilty of contributory negligence, barring her recovery and consequently dismissed her suit at her costs. The plaintiff has appealed.
The case involves strictly questions of fact and unless we can find manifest error in the findings of the trial court, it is incumbent on us to affirm the judgment appealed from. After reviewing the pleadings, the trial court makes this very pertinent observation with reference to the situs of the accident: “The court examined, with the consent and approval, the scene of the accident and for the benefit of the Appellate Court will give the general conditions surrounding the bank building. The Calcasieu Marine National Bank is located in downtown Lake Charles in the heart of the business district. Said bank building is located on the southeast corner of the intersection of Ryan and Pujo Streets. The building faces east on Ryan and the south side of said building is on Pujo Street and runs parallel to Pujo Street. Pujo Street runs east and west. •There are two sidewalks on said street, one on each side of said street. The sidewalk in question is on the north side of Pujo street. It adjoins and runs parallel to the bank building. Looking east on Pujo Street before one reaches the bank building from the office of the Southwest Citizen the place where plaintiff started, her journey on the day in question is the Lake Hotel, the Charleston Garage, then an, alleyway used by the bank with a driveway, having a slant of about two feet and which crosses the said sidewalk. The bank building is the last building on said block. The sidewalk next to the bank is about 15 feet wide and 10 inches in height.”
After describing the situs of the accident he sets forth the facts as concluded by him from the evidence and he finds that the accident happened while plaintiff and two male companions were walking from the Southwest -Citizen building in an easterly direction and when plaintiff reached the driveway adjoining the west side of the bank building she attempted to get back on the driveway and thereupon fell and suffered the injury in question; that 'the weather was good and that there was some sand on the sidewalk; that there were no barricades and that many people passed on said sidewalk while the work was going on.
It will be noted that in the trial court’s finding of - fact he concludes that there, were no barricades and that many people passed on said sidewalk while the work was going on but the trial judge also sets forth that the absence of barricades was not the proximate cause of the accident and that the proximate cause of the accident was the negligence of plaintiff in attempting to re-enter the steep driveway without looking where she stepped; that the fact that there was sand on the pavement did not cause the accident.
*266 The court also shows that it would have been a simple matter for the plaintiff to have crossed the street and used the other sidewalk on Pujo Street in view of the fact that she knew the Waterproofing Company was using the sidewalk in question for the sandblasting work.
The most serious claim of plaintiff in this case arises from the testimony of plaintiff that an employee suddenly shoved a piece of equipment in front of her causing her to fall. From the testimony of her companions it appears that the equipment in question was shoved on the sidewalk while they were some 15 or 20 feet from the spot and that the plaintiff- got completely off the sidewalk and slipped and fell after she started up the incline. The defendants’ witnesses, former employees of American Waterproofing Company, testified positively that no equipment was even near the plaintiff when she fell. Be that as it may, the plaintiff has failed to show by a preponderance of the evidence that her accident was caused by the sudden moving of a piece of equipment in her path, and, further she has failed to show that her fall was caused by an excessive accumulation of sand on the sidewalk. Moreover, we do not feel that the absence of barricades in the instant case was negligence constituting a proximate cause of the accident for the reason that the main purpose of barricades or signs would have been to apprise the public that the sandblasting work was-being done and in the case at bar the plaintiff was fully cognizant of that fact regardless of the absence of barricades.
The facts of this case are similar to those in the case of Burke v. Favrot, La.App. 1950, 49 So.2d 359, 362. In the cited case the plaintiff sued the defendant construction company for injuries sustained by her when she fell on some loose gravel on the sidewalk allegedly left there by the defendant’s employees. In rendering judgment for the defendant the court stated:
“The trial judge concluded that the burden of proof was on plaintiff to establish this fact and that he was therefore compelled to rule that there was no loose gravel or rock on the sidewalk in the passageway at the time of the accident. However, he wisely pretermitted this question and assumed arguendo that ‘there was loose gravel or rock strewn in the passageway’, a view most favorable to the plaintiff, in order to logically arrive at his decision, and we find written reasons therefor contained in the record, of which we approve a.id quote therefrom as follows:
“ ‘There is no charge that the passageway was not sufficiently lighted, nor that it constituted a trap. To the contrary, plaintiff admits she was fully aware of the presence of loose gravel or rock. In fact, she was conscious of the danger of tripping or falling from loose material on the sidewalk, because she avoided the opposite side of the street when loose ice was on the sidewalk, and deliberately sidestepped the loose gravel or rock in the passageway to avoid stepping and tripping on it.
“ ‘Under these circumstances, even if the defendant were guilty of primary negligence in permitting the gravel or rock to collect in the passageway on the sidewalk, plaintiff would be guilty of contributory negligence.’ ”
It is our conclusion that the trial judge is entirely correct in his opinion that the accident was caused at least partly by the contributory negligence of the plaintiff and in that connection it is to be noted that no mishap occurred to her two companions who were traveling along the same path.
The judgment below is affirmed