**HEBERT v. BADON et al.**

No. 1589.

Court of Appeal of Louisiana. First Circuit.

May 8, 1936.

Fred J. Heintz and B. M. Miller, both of Covington, for appellant.

Arthur J. Finney, of Covington, for appellees.

COOLEY, Judge ad hoc.

Plaintiff sues to recover damages for injuries alleged to have been received when her foot was caught in a sidewalk hole at Covington, La. The lower court dismissed her suit upon an exception of no cause of action, and she has appealed.

In article 2 of her petition plaintiff alleges that the concrete sidewalk was the property of the defendants. It therefore becomes necessary to decide whether this allegation as to ownership is a statement of fact or a conclusion of law based upon the further allegation that the defendants owned the abutting property.

Of course, if this allegation be taken as one of fact, that the defendants actually had title to the ground upon which the sidewalk was built and permitted the same to be used by the public, an entirely different situation would be presented than that considered by the court below. However, from the whole record it is clear that the plaintiff intended this allegation to be one of law only, viz., that because the defendants owned the adjacent property they were responsible for the condition of the sidewalk in front of that property.

 In this same article 2 of plaintiff's petition the allegation is made that the sidewalk was on Columbia street, showing that the title to the ground upon which the sidewalk rested was in the town of Covington. Likewise, in neither argument or brief before this court does the plaintiff contend that the actual title to this sidewalk was in the defendants, but argues solely that the defendants by creating the holes in the sidewalk, and permitting them to remain open, was responsible for plaintiff's injury when she walked into one of them. Therefore, we must conclude, as did the court below, that this allegation as to ownership of the sidewalk

is purely a conclusion of law upon the part of the plaintiff.

This conclusion, though, the plaintiff cannot support under the law of this state. Article 454 of the Civil Code states that things which are for the common use of a city, or other place, such as streets, are public things. In other words, that they belong to the public and cannot be subjected to private ownership. Again, in article 458, streets and the public walks are mentioned as common property.

In the case of Irwin v. Great Southern Telephone Co., 37 La.Ann. 63, the Supreme Court specifically included sidewalks in this category. At page 67 of 37 La.Ann., the court said: "The authorities relied upon by the plaintiff to bear out a claim for compensation, can receive no application in this State, in which abutting proprietors are not recognized as having a fee in the sidewalks or streets in front of their estates, which are considered as public property, R.C.C. 454, 458, belonging to all in common, over which the State and political organizations deriving their existence and powers from her, have all the control, the exercise of which, the organic law does not forbid." Again in Tissot v. Great Southern Tel. & Tel. Co., 39 La.Ann. 996, at page 1000, 3 So. 261, 262, 4 Am.St.Rep. 248, the court stated: "There is no doubt that the streets and sidewalks of a city are not subject to any proprietary right or interest on the part of abutting proprietors." This court recognized the same doctrine in the case of Vardano v. City of Baton Rouge, 5 La. App. 238.

Therefore, it would be impossible for the plaintiff here to prove a violation of any duty on the part of these defendants arising from their ownership of, or control over, the sidewalk on which she claims to have been injured.

It is well recognized, of course, that a municipality can give the right or permission to a private individual to erect and maintain constructions upon or under streets and sidewalks, and where this is done, the private individual becomes responsible for injury caused thereby in the same manner as if the municipality itself had placed them there and was operating them.

"Such constructions are regarded as a nuisance, and the owner who operates one is liable to any person, who, using due care, sustains special injury therefrom.

Dillon on Municipal Corporations, vol. 4, par. 1725." Clack v. Liggett Drug Co. (La.App.) 164 So. 482, at page 485.

This is the same theory plaintiff urges when she contends that these defendants are responsible, primarily, for having negligently created the holes in the sidewalk and permitted them to remain open, and she might have presented a cause of action based thereon had she made the proper allegations to that effect in her petition, but this she has failed to do.

In article 3 of her petition plaintiff says that on September 1, 1934, "there were and for a long time prior thereto had been, two round holes in said sidewalk," and goes on to state upon information and belief "that there had at one time been posts or pillows of some kind, or drain pipes, in said holes, and that when such posts or pillows or drain pipes were removed therefrom said holes in said sidewalk were, by the defendants or their said father, negligently and carelessly permitted to remain open and uncovered."

Nowhere in her petition does the plaintiff allege that the two holes were placed in the sidewalk by the defendants or their late father, or that the pipes or posts or pillows which once occupied the said holes had been erected by the defendants or their father before them. The petition shows no connection whatever between these holes and the defendants or their father, beyond the fact that they happened to be on that part of the sidewalk in front of defendant's property.

In their brief, counsel for plaintiff state that, "The petition alleges that the defendants inherited the property from their father in the year 1929, and that he or they caused certain holes to be dug in the cement sidewalk. * * *" Article 1 of the petition alleges that the property was inherited by the defendants from their father in 1929, but we search the petition in vain for the further allegation said to be therein contained that "he or they caused certain holes to be dug in the cement sidewalk."

In article 6 plaintiff alleges that the accident was "due solely to the gross negligence and carelessness of the defendants in permitting said hole in said sidewalk to remain uncovered." Plaintiff having failed to indicate in any way that the defendants were responsible for the hole being there, we fail to see how the defend-

864

ants can be charged with the duty of keeping them covered. Mere passiveness in not covering the hole, when these defendants are not shown to have any connection with the hole being there, does not constitute negligence on their part. Especially is this so when, as shown by the decisions cited, the sidewalk is public property over which the municipality exercises all control.

The allegation in article 7 of the petition, to the effect that after the accident the defendants caused the holes to be closed, is not sufficient to charge them with the admission of a violation of any duty they may have had in connection therewith. Defendants' action in closing the holes after the alleged accident for aught we know, and as far as the petition discloses, may have been prompted by purely humane motives. It does not constitute anything like an estoppel based on any recognition of a duty the defendants owed the plaintiff.

It is clear that the plaintiff has failed to set forth a cause of action in her petition, and that the judgment of the lower court was correct.

Judgment affirmed.