The plaintiff alleges that on December 23, 1941, at about 10 o'clock P.M., while walking along the sidewalk on the west side of St. Louis Street in the City of Baton Rouge (a neighborhood wherein he had lived for the past 20 years) he "stepped upon some loose gravel scattered upon the hard concrete pavement of said sidewalk" at a point where there is a driveway leading into a parking lot owned by Mrs. Sophie K. Becker, William A. Kleinert and Mrs. Lena Kate Gordon, and leased and operated by Sterling W. Gladden, and that he slipped and fell on his right side and broke his hip. He itemizes medical expenses resulting from his fall in the total amount of $866.45, and claims that amount, plus an attorney's fee of 10% thereof, and costs, against the three owners of the property, the lessee, and the City of Baton Rouge, jointly, severally and in solido.
The petition sets forth that the City of Baton Rouge owns and operates and maintains for the use and convenience of its pedestrians and the public, a sidewalk whereon the accident occurred, and that the defendants Kleinert, Mrs. Becker and Mrs. Gordon own the property adjacent to said sidewalk and that defendant Gladden had the property under lease as a public *Page 551 
parking lot, and, to establish liability on the part of these defendants, makes the following additional allegations:
"That the gravel which covered the said sidewalk or driveway had accumulated thereon by rain washouts and by automobiles going out from said parking lot, and a low depression on the said sidewalk together with a gradual slope of the said driveway or sidewalk rendered the said sidewalk dangerous and hazardous to the safe passage of pedestrians at that point."
"That the defendants had had notice of the dangerous condition of said sidewalk and have since the 23rd day of December, 1941, cleaned the gravel and kept the same reasonably cleaned."
"Your petitioner shows that he did in no way contribute to, through any fault of his or through any negligence on his part, to the said occurrence, and that the sole and proximate cause of his said injury was due to the failure of said defendants to maintain a safe condition of said driveway or sidewalk to permit the pedestrians or the public to walk thereon, and that the City of Baton Rouge, through its proper agents or employees failed to keep the said sidewalk or driveway safe for its use by pedestrians, the owners of the adjacent property to said sidewalk created a hazard by leasing its property for a parking lot and all the incidental risks that resulted by the use of said property, covered up as it was by the said gravel without proper safe guards from the gravel washing onto said sidewalk or being brought thereon by automobiles, and the lessee, himself, in the operation of said parking lot, contributed to this dangerous condition of the sidewalk or driveway."
An exception of want of citation was filed by defendant Lena K. Gordon on the ground that she is a non-resident of Louisiana and that William A. Kleinert through whom service on her was made is not her agent for service of process.
An exception of vagueness (entitled exception of non-joinder of parties defendant) was filed on behalf of defendants William A. Kleinert and Mrs. Sophie K. Gordon.
Exceptions of no right and no cause of action were filed on behalf of all the defendants, except Mrs. Lena K. Gordon.
The minutes show that all the exceptions were taken up by the court and that the exception of vagueness was sustained allowing the plaintiff ten days within which to amend, and the exception of want of citation was submitted, but was never passed upon, but the judgment, which dismisses the suit, is based entirely on the exceptions of no cause and no right of action filed by defendants City of Baton Rouge, Mrs. Becker, Mr. Kleinert and Mr. Gladden, and the plaintiff has appealed from that judgment. In other words, the only question before us is whether or not the exceptions of no right and no cause of action were properly sustained by the District Court.
It can readily be seen from the allegations of the petition that no specific act of negligence is charged to any defendant and no specific statutory duty to remove the gravel allegedly scattered on the sidewalk by automobiles entering the parking lot and by rain washout is charged against any of these defendants.
In so far as the owners of the property are concerned, it seems clear under our jurisprudence that they cannot be held liable for an injury caused by an unsafe condition on the adjacent sidewalk merely on the allegation that they are owners of the property and without any allegation showing that they contributed to such unsafe condition. The operation of a parking lot is not unusual and certainly lawful, and the owners cannot be charged with negligence in leasing their property for that purpose. It seems that, as set forth by counsel for defendants Becker and Kleinert, this case is similar to the case of Hebert v. Badon, La.App., 167 So. 862, wherein it was held that the petition in plaintiffs' suit against the owners of abutting property for injuries sustained when she stepped in a hole in the sidewalk in front of defendant's property which failed to allege that defendant's negligence created the hole and permitted it to remain open, did not set up a cause of action.
In so far as the lessee is concerned, again we have no allegation of any specific act of negligence on his part or of any violation of a duty imposed on him by law, except the vague allegation "that the defendants had had notice of the dangerous condition of said sidewalk", which possibly could be construed as a charge of negligent omission to correct the dangerous condition on the part of the lessee or on the part of the other defendant, the City of Baton Rouge. However, there is no showing as *Page 552 
to how long the condition had existed, nor is there any showing as to just why it was a dangerous condition, except that there was "some loose gravel scattered upon the hard concrete pavement". And as set forth by the trial court in his written reasons for judgment, the presence of such gravel on the sidewalk would not appear to be such an obstruction as to be dangerous.
It is fundamental that neither the City nor the lessee can be held as insurer of the pedestrian using the sidewalk, and since there is no showing in the petition of any dangerous condition on the sidewalk of which they had actual or constructive notice, it cannot be seen how responsibility for plaintiff's accident could attach to either the lessee or the city.
For these reasons, it is our opinion that the exceptions of no cause and no right of action were properly sustained, and the judgment appealed from is affirmed.