DORÉ, Judge.
This is a suit for personal injuries sustained by the plaintiff, Mrs. Katie L. Autrey, on February 19, 1949, at about 6:00 p. m. when she attempted to cross the north driveway of North Boulevard at the intersection of Third Street in the City of Baton Rouge and in doing so stepped into a hole in the pavement and tripped and fell. The suit was filed against the City of Baton Rouge but after it was shown that under the new plan of government for the City of Baton Rouge and the Parish of East Baton Rouge, that the Parish of East Baton Rouge was responsible for the maintenance of streets in the City of Baton Rouge, the petition was amended by making the Parish of East Baton Rouge the proper party defendant. The material allegations of the petition are to the effect that the authorities of the City of Baton Rouge and of the Parish of East Baton Rouge had notice of the condition of the pavement at the point where plaintiff tripped and fell and sustained the personal injuries for which she sues, but that notwithstanding such notice, the said authorities failed to repair the damaged condition of the street until a short time after the accident.
In its answer, the defendant denies the material allegations of plaintiff’s petition and sets forth that the site of the alleged accident is on a well lighted corner and the defect complained of, if in fact one existed, was not so serious or equivalent to a trap, or of such nature as to make the Parish responsible therefor; that the sole and proximate cause of the accident was *247 the negligence of the plaintiff herein in failing to keep a proper lookout and failing to exercise proper care in crossing the street. The defendant further alleges that no notice of the alleged defect was ever given the Parish of Baton Rouge or any of its employees and that it was not aware of any defect in the street until after the happening of the accident.
After trial of the case the lower court rendered judgment, for written reasons assigned, dismissing plaintiff’s suit at her costs. The plaintiff has appealed.
The facts in the case are rather simple. It is shown that at the intersection of North Boulevard and Third Street where the accident happened, a transformer in connection with the electric system of the City had been installed in the street and at that time the hole wherein the transformer was installed was barricaded and boards were placed over the said hole. Later, concrete was poured in the hole and a space was left above the concrete for asphalting. The trial judge found that the space above the concrete was one or two inches in depth but the preponderance of the evidence, including photographs of the hole, show that part of the depression was some four or five inches in depth. It is further shown that as Mrs. Autrey approached the intersection she looked down at the curb and then proceeded to watch traffic and as she made one or two steps she tripped on the ragged edge of this depression in the street. It is an admitted fact that the traffic at this particular intersection at the time of the accident was very heavy and that any person crossing the intersection necessarily had, for his or her personal safety, to watch out for traffic. In other words, it is obvious that under the circumstances existing, Mrs. Autrey could not be expected to have kept her sight on the pavement.
It is further shown that Mrs. Autrey had crossed this intersection before when the hole was boarded and it is her testimony that after she saw that the barricade and planks covering the hole had been removed, she naturally presumed that the street was in good condition.
The trial judge, in his written reasons for judgment, states that the evidence in the case shows conclusively that the plaintiff did fall and that as a result of the fall she did suffer some injury, and then he states:
“From my impression of the evidence the situation presented here was almost identical with that prevailing in the case of Leon v. Texas Bithulithic Co., La.App., reported in 50 So.2d 478, 480. There the Court said:
“ ‘When this work was completed a barricade was placed around it by the Sewerage and Water Board so that the fresh concrete might harden. The barricade was then removed. It is not clear whether it was removed by the Sewerage and Water Board or by the City itself, but. it does appear that it was removed because the City authorities desired that the street be made usable to traffic in the interim between the completion of the concrete subsurface and the laying of the asphalt topping.
“ ‘It is shown that streets, which were being resurfaced were thrown open to traffic, as soon as the concrete subsurface, was completed, and traffic was not required to wait until the asphalt was laid. This, of course, resulted in there being these manholes elevated one inch above the level of the surface of the street.’
“There it was held that even if there had been negligence on the part of the defendants, the plaintiff was guilty of contributory negligence, and that the proximate cause of the accident was due to plaintiff’s negligence.”
In the case of Leon v. Texas Bithulithic Company, which the trial court cites in support of his opinion, contributory negligence on the part of the plaintiff was specially pleaded, whereas in the case at bar, the defendant has not specially pleaded contributory negligence but has set forth, in its answer, that it was free of any negligence and that the sole cause of the accident was the negligence of the plaintiff Mrs. Autrey. Under those circumstances, since contributory negligence is not specially pleaded, if the evidence shows *248 negligence on the part of the Parish of East Baton Rouge, which was a proximate cause to the accident, then the judgment is erroneous.
 It is shown by the evidence that the transformer for the electric lights was installed certainly with the knowledge of the employees of the defendant; that at that time the hole measuring some two or three feet in width by a length of some five or six feet, was barricated and covered with boards; that thereafter concrete was poured in this hole and the boards were removed after the concrete had become hard and traffic was permitted to travel in this depression pending the pouring of asphalt over the concrete. The evidence, as stated before, shows that this depression, at its outer edge where Mrs. Autrey tripped, was approximately four or five inches in depth. Under those circumstances, it is our opinion that the negligence on the part of the authorities has been shown. They were certainly well aware of the dangerous condition at a busy intersection and should have maintained its barricade until after its condition had been corrected by the pouring of asphalt over the concrete. Possibly Mrs. Autrey was guilty of contributory negligence but that question is not before us for the reason that it is not specially pleaded.
In so far as the quantum of damages is concerned, she prays for damages in the amount of $2,425.50, itemized as $40 for X-rays, $50 for doctor bills, $7.50 for ambulance service, $40 for medical supplies, $288 for loss of wages, $1,000 for pain and suffering, and $1,000 for nervous shock, disability and mental anguish. It is not shown that she suffered any serious personal injury but she did suffer from bruises and abrasions, particularly from her right knee and undoubtedly had some pain and inconvenience as a result thereof. Plowever, it does not appear from the evidence that she suffered any permanent personal injury. We are of the opinion that an award of $500 is ample for her personal injuries, pains and sufferings. We find that she has proven medical bills to the amount of $89.50. As to her claim for loss of wages, we find that she earned an average of $40 per week. The evidence is not clear as to the number of weeks during which she was disabled. However, she was injured on February 19, 1949, and did not return to work, the work terminating on March 15, 1949, being three weeks and four days after her injury, or three and two-thirds weeks. We will allow her $146.67 for loss of wages. This makes a total award of $736.17.
For these reasons, the judgment appealed from is annulled, avoided and reversed. It is now ordered, adjudged and decreed that there now be judgment in favor of plaintiff Mrs. Katie L. Autrey and against the Parish of East Baton Rouge in the full and just sum of $736.17, with legal interest thereon from judicial demand until paid and costs.