83 So.2d 920 (1955)
Mrs. Frances Cummins MERCHANT, Plaintiff-Appellant,
v.
MONTGOMERY WARD & COMPANY, Inc., et al., Defendants-Appellees.
No. 4095.
Court of Appeal of Louisiana, First Circuit.
November 22, 1955.
Rehearing Denied December 30, 1955.
Writ of Certiorari Denied March 1, 1956.
*921 Breazeale, Sachse & Wilson, Baton Rouge, for appellant.
Hynes, Mathews & Lane, Thos. B. Pugh, Baton Rouge, for appellees.
TATE, Judge.
In these proceedings a pedestrian seeks recovery of damages for personal injuries sustained through fall on a sidewalk allegedly due to hazard created by the defendant, the abutting property owner.
Earlier proceedings filed in federal court had resulted in two mistrials, the juries failing to agree on a verdict on each occasion. This earlier suit having interrupted prescription, the present suit was filed in State court over three years after the accident; by agreement the suit was submitted to the District Court and tried on the basis of the federal case record, including transcripts of both previous trials, together with certain stipulations as to more recent medical information and also as to compensation paid plaintiff as a result of a previous injury.
In a thorough and comprehensive opinion, the District Court reviewed the facts and the law and awarded plaintiff judgment. Plaintiff answered defendant's appeal, seeking increase in the award.
The facts as to the accident are relatively undisputed. Defendant Montgomery Ward & Company, Inc. operates a public parking lot having the main entrance on the north side of Main Street in the business district of Baton Rouge, La. A chain was used to close the entrance when the lot became full. Defendant's parking lot attendant, Charles Edward Spears, had instructions to wrap the chain around a post when the chain was not in use. In addition, he was instructed to keep the sidewalk clean of the gravel which the cars sometimes spread from the parking lot onto the sidewalk. However, at the time of the accident, the parking lot was unattended since defendant had ordered Spears off to perform another errand.[1]
At 11:00 a. m. on May 4, 1951, while Spears was gone, plaintiff Mrs. Merchant *922 approached the parking lot entrance, walking westward on the central portion of the sidewalk, which at that point was approximately 10 feet wide. She stopped for a car to cross the sidewalk into or from the lot. As she resumed walking and was passing the entrance she saw a pedestrian coming toward her, stepped to her right (north) to make way for him, tripped and fell, suffering bruises and cuts and an allegedly serious back injury. The preponderance of the evidence indicates, as the District Court found, that the cause of Mrs. Merchant's tripping was that she stepped and probably caught her toe on the chain which lay in the gravel on the sidewalk about 2-3 feet out in the path used by pedestrians, and she spun and was unable to get her footing in the gravel and fell.
It may be added that Mrs. Merchant had not noticed the chain on the ground at the time of the accident, nor had she ever seen it on the approximately seven times she had passed the parking lot entrance since her husband had opened a "hearing aid" center in the vicinity three days earlier.
There is no serious dispute as to the legal principles applicable, although the parties disagree on the application of them to the facts in this instance.
"[T]he owner of abutting property, he, like anyone else is plainly responsible in damages to one who is injured due to an obstruction or other hazard that he has negligently placed or created on or near a sidewalk," (Professor) Fordham and Pegues, "Local Government Tort Responsibility in Louisiana", 3 La. Law Review 720 at 740, quoted with approval in Johnson v. Sewerage and Water Board, La.App., 57 So.2d 923, at page 925; see also Autrey v. City of Baton Rouge, La.App. 1 Cir., 58 So.2d 246, Legg v. Palozzola, La.App., 51 So.2d 151.
We agree with the District Court's determination that the defendant was negligent in the premises in that "it was defendant's duty and obligation to see that the loose end of the chain was not thrown on the sidewalk, particularly in view of the presence in the entrance to the lot of loose gravel. A combination of both chain and gravel in this instance created a danger to persons walking on the sidewalk and crossing the entrance."
Defendant's most serious defense it its plea that Mrs. Merchant is barred from recovery by reason of contributory negligence, in failing to observe the chain and loose gravel, avoiding them, and thus avoiding the accident. Defendant of course has the burden of proving this affirmative defense.
Defendant cites to us as applicable law this rule, summarized in the law review article by Fordham and Pegues above cited, 3 La.Law Review 720 at 742:
"Thus a plea of contributory negligence if sustained, operates as a complete bar to recovery. As applied to sidewalk and street cases, the doctrine does not mean that a pedestrian must keep his eyes glued upon the surface in front of him; he may properly assume for example, that a paved sidewalk does not contain holes or obstructions that necessitate constant vigilance. The matter of course may be conditioned by the traveler's familiarity with the public way on which he is traveling and with other public ways in the neighborhood. Thus, contributory negligence was invoked as a basis for denying recovery in a case where a lady, who had been using a rough grass-grown sidewalk daily, stepped into a hole in the sidewalk in broad daylight and was injured. In several cases the Courts of Appeal have sustained pleas of contributory negligence where pedestrians were injured in traveling obviously dangerous routes where safe ones were available."
In Holbrook v. City of Monroe, La.App., 157 So. 566, at page 567, where the lady claimant tripped over a pipe and was allowed recovery, the rule is stated as follows:

*923 "All that is required of a pedestrian upon a sidewalk is ordinary care and this does not necessitate his looking constantly where he is going. He has a right to assume the sidewalk is safe for travel, and where one sustains injuries by reason of an unsafe condition of a sidewalk, the burden to show that he was not using ordinary care, or contributed to such injuries by his own negligence, rests upon the corporation. Lemoine v. City of Alexandria, supra [151 La. 562, 92 So. 58], and cases cited thereunder."
In holding that Mrs. Merchant had not failed to exercise ordinary care when she failed to see the chain, the District Court commented:
"The chain was offered in evidence. It is not an unusually large chain and could well have been hidden by loose gravel in the driveway.
"Aside from all of this it must be remembered that Mrs. Merchant's attention, according to her testimony, was centered largely upon a vehicle which she thought might come into and across the sidewalk. This is why she says she stopped before crossing the driveway.
"This case is comparable to the case of Cole v. Central Contracting Co., 5 La.App. 513, wherein it was said:
"`The plaintiff, however, testifies that she did not see the pipe, and considering that her attention was directed to watching her step and observing the alley to note whether or not there was any vehicular traffic and the size of the pipe, it can be well understood why the plaintiff did not see the pipe or that seeing it no impression was made on her mind.
"`Whether the plaintiff should be held to have seen the obstruction and been guilty of negligence in failing to avoid it, depends upon the prominence of the obstruction and the place where it was situated.'
"Here a pedestrian on Main Street upon approaching this driveway necessarily should be on the alert for automobile traffic across the sidewalk from the north (out of the lot), from the east (cars coming from that direction to enter the driveway), and the west (cars coming from that way to enter the parking lot).
"With all these distractions it does not seem to me to be reasonable to say that Mrs. Merchant necessarily should have seen the chain."
In the Cole case, the plaintiff's recovery was not barred by her failure to notice a two-inch pipe laid across the length of the cross-walk upon which she tripped. Similarly, in Degeneres v. Pan-American Petroleum Corporation, La.App. 1 Cir., 153 So. 481, it was not contributorily negligent in the pedestrian to fail to notice a pipe 2½ inches high above the pavement and 2½ inches in diameter which caused her injuries; nor, in Holbrook v. City of Monroe, La.App., 157 So. 566, 567, to fail to notice an open pipe 2½ inches in diameter in which she caught her heel; nor, in Parker v. City of New Orleans, La.App., 1 So.2d 123, to fail to notice a break in the curbing covered with leaves (just as here the chain was mingled in the gravel).
As stated in the Holbrook case, to hold contributorily negligent plaintiff's failure to observe the defect in that case "would be equivalent to finding that a pedestrian is required to keep his eyes glued to the sidewalk and to look where he was stepping before each step, which is not the law in this state or any other state of the Union", 157 So. 568.
In Clack v. Liggett Drug Co., La.App. 1 Cir., 164 So. 482, this Court refused to hold a pedestrian contributorily negligent who fell into the open shaft hole of a sidewalk elevator, of which the double steel doors were open on both sides thereof and perpendicular and at least 33 inches high above the pavement, separated by an iron spreader bar spread horizontally across the opening, and to which red flags were attached. There we pointed out as extenuating *924 circumstances petitioner's relatively unfamiliarity with that portion of the City, the fact that the sun was in her eyes, together with her right to assume the sidewalk was free of obstruction and to proceed without constant watchfulness.
Thus, the standard of ordinary care consistently imposed upon pedestrians is that of an ordinarily prudent pedestrian under all the circumstances actually attendant upon the accident. From the point of view of an appellate judge sitting in his law library, or of a bystander at the actual scene of the accident leisurely surveying his surroundings, the open elevator shaft and upright doors in the Clack case, the 2-inch pipe across the pavement in the Cole case, and the upright pipe 2½ inches above the sidewalk in the Degeneres case, and the chain amidst the gravel in this case, are equally "obvious" defects.
But what may be obvious in a library, or obvious if it is looked for, may be entirely different to what is obvious to a pedestrian of ordinary prudence using ordinary care proceeding on a busy street in the business district of a twentieth century American city. Likewise, it may be added, that what would be obvious on a deserted country road may not be obvious on a busy city street.
Whether an obstruction or defect creates an obvious hazard which the pedestrian should have observed and avoided; whether on the other hand it was a hazard in the nature of a trap, which would not alert the eye of the pedestrian of ordinary care to danger, occupied as it is entitled to be with myriad other observations besides the ground in front; depends not primarily on objective criteria of size, situation, color (useful as these are in determining the visual data from which the pedestrian may deduce danger), but rather upon all the surrounding circumstances in which that particular pedestrian finds himself at the time of the accident the traffic, the sun in his eyes, the shadows, his familiarity with the hazard, as well as its size, situation, color, etc.
We agree with the District Court's determination that the defendant has not sustained its burden of proving Mrs. Merchant contributorily negligent. She was entitled to assume the sidewalk free of hazard. Due to the duties of observing at this crosswalk vehicular traffic from all directions as well as pedestrian traffic, she was not deficient in failing to observe the chain mingled with the gravel and evaluating this situation as a hazard to be avoided.
Defendant relies on: White v. City of Alexandria, 216 La. 308, 43 So.2d 618; Birth v. City of New Orleans, La.App., 77 So.2d 233; Hamilton v. City of Monroe, La.App., 72 So.2d 576; Robertson v. Coal Operators, La.App. 1 Cir., 56 So.2d 264; Massicot v. City of New Orleans, La.App., 43 So.2d 621; and Stoffers v. City of Baton Rouge, La.App. 1 Cir., 15 So.2d 550.
These cases themselves indicate concurrence with above conclusion that contributory negligence depends on the facts and circumstances of each accident. Detailed analysis thereof will not be attempted. These cases uniformly hold that insofar as the defect in question was concerned, and under the circumstances therein, there was no reason for the pedestrian to fail to observe the obstruction. (In the present case, an important reason the pedestrian failed to observe the hazard was the necessity for her to maintain a lookout for vehicular traffic from all directions.) The Stoffers case simply sustained an exception of no cause of action to a petition which described an allegedly dangerous condition of the sidewalk without any allegation that defendants caused or contributed to such unsafe condition.
Defendant's argument that Mrs. Merchant's reflex action in stepping to the right instead of the left to avoid an oncoming pedestrian, constituted a deliberate choice of an unsafe path when a safe path was available appears to us unrealistic; it is essentially a reiteration of the argument that Mrs. Merchant should have noticed the chain and loose gravel. Defendant's contention that Mrs. Merchant's poor physical condition was a contributory cause of the accident which should bar recovery overlooks that the sidewalk is intended not only for the physically fit, *925 but for all who choose to travel thereon; as stated in Rock v. American Construction Co., 120 La. 831, at page 834, 45 So. 741 at page 742, 14 L.R.A.,N.S., 653: "[T]he sidewalk is intended for such as he ["with his poor eyes and his basket on his head"], as well as for those with good eyes and who carry no baskets"; see McCormack v. Robin, 126 La. 594, 52 So. 779, to same effect concerning elderly lady with poor vision and only one eye.
Recovery is sought only for mental and physical pain and suffering. The District Court awarded plaintiff $7,500, which award we find neither manifestly insufficient nor excessive. See Stevens v. Streun, La.App., 1941, 200 So. 182. The record supports the finding of the District Court that as a result of her fall, Mrs. Merchant, now 58 years of age (53 at time of accident), sustained a compression fracture of the 8th thoracic vertebra and a possible rupture of the fifth lumbar intervertebral disc, as a result of which she suffers severe pain reaching from lower back across her hip, must sleep on hard board and has done so for four years, can't lean over and can't reach, and is greatly restricted in motions and activities; at times she runs a temperature and is nauseated. An operation of a major nature has been recommended to alleviate her condition.
Defendant urges that the compression fracture must have resulted not from the fall but from some later incident, since it did not appear on the first x-rays taken after the accident. However, medical experts testified that this fracture despite these x-rays could still be, and was most probably, the result of the fall, assuming plaintiff suffered no further accident following this fall. Defendant's medical witnesses testified that most of plaintiff's suffering could be due to non-traumatic arthritis (which, however, the evidence indicates could have been aggravated by a fall). In view of plaintiff's positive sworn testimony of no accident subsequent to that of May 4, 1951, the absence of any contrary testimony and in fact corroborating circumstances in that immediately following the fall plaintiff commenced to complain for the first time of low back pain to the doctors who examined and treated her, we find supported by the record the District Court's determination that these injuries resulted from the fall.
We do not find impressive defendant's argument that a shoulder injury plaintiff sustained six months before the fall had legally consequential relationship to the back complaints in view of the positive sworn testimony of plaintiff, corroborated by her personal physician, that she had never suffered before from these complaints.
In answer to the appeal, plaintiff sought not only an increase in the quantum awarded, but an amendment of the judgment to award legal interest not from date (June 15, 1954) of demand in this State court suit in which judgment was awarded, but rather from the earlier date (July 9, 1951) upon which the federal court suit was filed.
LSA-R.S. 13:4203 provides:
"Legal interest shall attach from date of judicial demand, on all judgments, sounding in damages, `ex delicto', which may be rendered by any of the courts."
We do not accede to plaintiff's interesting and persuasive argument in this regard. Statutory interest allowed on judgments or on legal claims as a result of judgment is in the nature of statutory damages for withholding use of the money awarded from the judgment creditor; 15 Am.Jur. 577-581, Verbo "Damages", Sections 159-163, 30 Am.Jur. 23, Verbo "Interest", Section 29. Although the interest provided by Louisiana statute for tort claimants from judicial demand is a substantive right of the claimant recoverable even in the federal forum, New Amsterdam Casualty Co. v. Soileau, 5 Cir., 167 F.2d 767, 6 A.L.R.2d 128, we nevertheless hold that the interest in the present proceedings dates from judicial demand herein, not from judicial demand in the earlier federal proceedings between the same parties.
*926 Such damages are usually not recoverable except as provided by statute, and for instance are not recoverable in Louisiana for injury due to negligence from the date of the accident, but only from date of judicial demand. While the construction urged by plaintiff is certainly logical that defendants have been on notice that the sum is due, if so found by the courts, since the "judicial demand" in the federal suit; nevertheless such interest is somewhat in the nature of a penalty, and as applied to the present facts the statute should be strictly construed, especially since the delay between the filing of the first suit and the filing of the subsequent (this present) suit in which judgment was awarded was not occasioned by action of the defendants herein; see Harrison v. Louisiana Highway Commission, 202 La. 345, 11 So.2d 612, at page 615.
For the above and foregoing reasons, the judgment of the District Court herein is affirmed at appellant's cost.
Affirmed.
NOTES
[1] Spears was originally a co-defendant in this State court suit. Plaintiff did not appeal the District Court's dismissal of the action as to Spears (because defendant had temporarily relieved him of these duties).