TATE, Judge.
The plaintiff fell on the premises of Oustelet Ford, Inc., in Jennings. He appeals from the dismissal of his suit for personal injuries caused thereby. The defendant-appellee is Oustelet’s liability insurer.
The plaintiff Mallet tripped over a pipe-railing in Oustelet’s automotive repair shop. The railing was about one foot high off the ground, and it divided the repair shop from the parts department. There was an opening through it which served as a pedestrian passageway.
On one side of this passageway the pipe-railing protruded some 1J4 to 2 feet from beyond a mechanic’s work-table. The plaintiff tripped over this low-lying protrusion *594 of the railing proper into the open area otherwise available for pedestrian traffic.
A few minutes before he tripped, the plaintiff had gone through the passageway from the repair shop to the parts department, he had returned through it to the repair shop, and he had then tripped over the protruding railing when, in response to a call from a parts employee, he had attempted to return through the passageway for the third time that morning.
The plaintiff contends that the railing, protruding into the passageway so close to the ground and much obscured by the worktable, was in the nature of a trap or an unreasonable hazard foreseeably causing danger to pedestrian traffic through the area. The trial court dismissed the plaintiff’s suit, however, on the ground that his recovery is barred by his contributory negligence in failing to observe the obstruction.
As we noted in Sherrill v. United States Fidelity & Guaranty Co., La.App., 132 So.2d 72, 74: “ ‘Whether an obstruction or defect creates an obvious hazard which the pedestrian should have observed and avoided; whether on the other hand it was a hazard in the nature of a trap, which would not alert the eye of the pedestrian of ordinary care to danger * * * ; depends not primarily on objective criteria of size, situation, color * * *, but rather upon all the surrounding circumstances in which that particular pedestrian finds himself at the time of the accident * * ”
Pretermitting whether Oustelet was negligent in creating an unreasonable hazard, the trial court held that, at any rate, the plaintiff was con tributo rily negligent in failing to observe the obstruction, which was in a well-lighted area, prominently marked in yellow, and the sort of obstruction one could reasonably expect to find in traversing the work-area in an automobile repair business. The trial court further noted' that the plaintiff had frequently, monthly or more often, traversed the passageway in question during the two years previous to the accident and thus should have been familiar with the obstruction in question.
We find no error in this holding.
In the present instance, whether the pedestrian was contributorily negligent in failing to observe and appreciate the hazard created by the low-lying pipe depends essentially upon the factual circumstances. We are unable to hold that the trial court erred in holding that the factual evidence shows the obstruction in the passageway to have been so well-lighted, well-marked, and foreseeable, that the present pedestrian should have observed and avoided it under the circumstances.
For the foregoing reasons, the judgment of the trial court dismissing the plaintiff-appellant’s suit is affirmed at his cost.
Affirmed.