MICHAEL E. KIRBY, Judge.
The issue in this appeal is whether legal interest runs from the date of judicial demand in the state court proceeding that resulted in judgment, or from the date of an earlier claim filed in federal court that was dismissed.
This breach of contract case involving a construction project in St. Tammany Parish resulted in a trial court judgment in favor of plaintiff, National Building & Contracting Co., Inc. (“NBC”), and against defendants, Bank One Louisiana NA (“the Bank”), formerly Alerion Bank and Trust Company, and Dibidale of Louisiana, Inc. (“Dibidale”). The trial court awarded the plaintiff damages of $1,524,154.00, plus in *342 terest from the date of judicial demand. This Court affirmed the trial court’s judgment in National Building & Contracting Co., Inc. v. Alerion Bank & Trust Company, 99-2561 (La.App. 4 Cir. 11/8/00), 772 So.2d 938, writs denied, 2000-3094 (La.3/16/01), 787 So.2d 310, and 2001-0173 (La.3/16/01), 787 So.2d 317.[1]
L.On March 29, 2001, NBC filed a motion in the trial court asking the court to establish April 13, 1989 as the date of judicial demand. In this motion, NBC states that this case began in federal court on January 5, 1989 when Dibidale sued NBC and the Bank for violations of the anti-tying provisions of the Bank Holding Company Act, 12 U.S.C. § 1971 et seq., and various state laws. NBC filed a compulsory counterclaim against Dibidale on April 13, 1989, alleging that NBC, the Bank and Dibidale made an agreement whereby the Bank and Dibidale promised to dedicate $1.4 million in loan proceeds to hard construction costs. The counterclaim also alleged that proceeds from the $1.4 million loan were improperly disbursed, causing NBC’s subcontractors and suppliers to go unpaid and to file liens and lawsuits against NBC. According to NBC, the filing of the liens and suits by the unpaid subcontractors and suppliers ruined the business reputation of NBC and effectively put NBC out of business.
The motion further stated that on June 18,1991, while the federal court action was still pending, NBC filed a lawsuit in Civil District Court against the Bank, alleging again that the misapplication of the dedicated loan proceeds by Dibidale and the Bank ruined the reputation of NBC and caused NBC to go out of business. The motion stated that the federal court dismissed Dibidale’s suit against NBC. Although NBC tried to go forward with its counterclaim, on August 4, 1992, the federal court declined to exercise jurisdiction over that claim. NBC argued that Dibi-dale and the Bank are solidary obligors; therefore, the filing of the federal court counterclaim against Dibidale on April 13, 1989 interrupted the ^running of prescription and established the date of judicial demand as to Dibidale and the Bank. NBC stated that it tried to litigate the matter in the forum chosen by Dibidale, but Dibidale sought and obtained dismissal of NBC’s counterclaim. NBC argued that April 13, 1989 was the date on which it first made judicial demand on Dibidale and the Bank, so judicial interest should be calculated from that date.
On April 11, 2001, the Bank filed a motion to declare complete satisfaction of judgments rendered on February 23, 1999 and June 24, 1999. The Bank also filed an opposition to NBC’s motion to establish April 13, 1989 as the date of judicial demand.
In its memorandum, the Bank stated that NBC filed its petition in state court on June 18, 1991. Judgment was later rendered in NBC’s favor and after all appeals were exhausted, the Bank paid and satisfied the judgment with interest calculated as of June 18, 1991. Noting that NBC reserved its right to seek judicial interest from the date of its earlier federal court counterclaim, the Bank asked the court to declare the judgments fully and completely satisfied, both as to principal and interest. The Bank argued that the date of judicial demand is the date of the suit that results in a final judgment, and not the date of a petition filed in another court that was dismissed.
*343 On May 25, 2001, the trial court held a hearing on the motions filed by NBC and the Bank. Following the hearing, the trial court rendered judgment ordering, adjudging and decreeing that the date of judicial demand was June 18, 1991, the 14date that the original petition in the state court action was filed. The court held that prejudgment interest is to be calculated from June 18, 1991. The court further ordered, adjudged and decreed that the court’s judgment of February 23, 1999 has been fully and completely satisfied in all respects, and the Bank owes no further amounts to NBC. NBC appealed from the May 25, 2001 judgment.
On appeal, NBC alleges four assignments of error by the trial court:
1) The trial court failed to recognize that full compensation in commercial cases requires interest from first date of judicial demand.
2) The trial court failed to recognize that judicial demand can be made in any court of competent jurisdiction.
3) The trial court failed to focus on the fact that the federal court was a court of competent jurisdiction for NBC’s compulsory counterclaims.
4) The trial court erred in finding that the filing of a precautionary suit in state court determined the date of judicial demand.
NBC cites La. C.C.P. article 421, which provides:
A civil action is a demand for the enforcement of a legal right. It is commenced by the filing of a pleading presenting the demand to a court of competent jurisdiction. Amicable demand is not a condition precedent to a civil action, unless specifically required by law.
In Dibidale of Louisiana, Inc. v. American Bank & Trust, 1992 WL 193562 (E.D.La.1992), the federal district court dismissed NBC’s counterclaim, finding that the court did not have jurisdiction over the main demand filed by Dibidale, so it could not exercise ancillary jurisdiction over NBC’s state law counterclaim. The federal court denied NBC’s motion for reconsideration of that decision in Dibidale of Louisiana, Inc. v. American Bank & Trust, 1992 WL 245637 (E.D.La.1992).[2]
NBC argues that even though the federal court found it had no jurisdiction over the anti-tying claim filed by Dibidale against NBC and the Bank, it had the discretion to exercise ancillary jurisdiction over NBC’s counterclaim but chose not to do so. According to NBC, the exercise of this discretion does not mean that the federal court was not a court of competent jurisdiction for NBC’s counterclaim.
NBC did not appeal the federal district court’s 1992 decisions regarding jurisdiction to the United States Fifth Circuit Court of Appeals. Those decisions are final. Therefore, whether or not the federal court correctly found that it lacked jurisdiction over NBC’s counterclaim once it determined that it had no jurisdiction over Dibidale’s main demand is not a question for this Court to decide.
The fact remains that the earlier federal court claim filed by NBC was dismissed for lack of jurisdiction. Based on that ruling, which was not appealed, the federal court was not a court of competent jurisdiction for NBC’s claim against Dibidale. NBC does not cite, and our research has *344 not disclosed, any case where a court has allowed the date of judicial demand in an earlier federal court proceeding that was dismissed to be used as the date of judicial demand for a lawsuit between the same parties that was filed subsequently in state court and resulted in judgment.
The case of Rivard v. Petroleum Transport Co., Inc., 95-0431 (La.App. 4 Cir. 9/28/95), 663 So.2d 755, cited by NBC, is not relevant to our inquiry. In Rivard, this Court found no error in the trial court’s decision awarding judicial interest from the date of the original petition rather than from the date of the ^amended petition that named an additional defendant. In that case, both petitions were filed in the same case in state court, unlike the instant case where we are faced with petitions filed in different jurisdictions. Similarly, the case of Burton v. Foret, 498 So.2d 706 (La.1986), is also not applicable. In Burton, as in Rivard, the court held that interest was owed by a solidary tort-feasor named in an amended petition from the date of the original petition in the same state court action.
In the case of IP Timberlands Operating Company, Limited v. Denmiss Corporation, 93-1637 (La.App. 1 Cir. 5/23/95), 657 So.2d 282, a party in whose favor judgment was rendered in state court asserted that interest should have been awarded from the date of a previous demand filed in federal court between the same parties. The First Circuit rejected this argument, citing the case of Trans-Global Alloy Ltd. v. First National Bank of Jefferson Parish, 583 So.2d 443 (La.1991). The Court stated that even though the Trans-Global Alloy case held that a prevailing party in a breach of contract case is entitled to interest from date of judicial demand, it did not interpret the holding of that case to require an extension of the Louisiana rule to a date of judicial demand in another jurisdiction, such as the federal district court. IP Timberlands Operating Company, Limited v. Denmiss Corporation, 96-1637 at p. 56, 657 So.2d at 315.
The fact that the earlier federal court action between the parties in the IP Timberlands Operating Company, Limited case was dismissed for lack of diversity does not make it distinguishable from the instant case. Even though NBC’s state law counterclaim filed in federal court was dismissed because the court found no jurisdiction over the main demand filed by Dibidale, both cases involve a finding by the federal court that it lacked jurisdiction to hear the claim at issue.
|7In Merchant v. Montgomery Ward & Co., 83 So.2d 920 (La.App. 1 Cir.1955), a suit filed in federal court resulted in two mistrials. A subsequent suit between the same parties was filed in state court, with prescription having been interrupted by the filing of the suit in federal court. The suit filed in state court resulted in a judgment, which awarded, among other things, interest from date of judicial demand. In an answer to the appeal, the plaintiff sought an amendment to the judgment to award interest from the earlier date upon which the federal court suit was filed.
The First Circuit refused to amend the judgment to award interest from the date of judicial demand in federal court, holding that “the interest in the present proceedings dates from judicial demand herein, not from judicial demand in the earlier federal proceedings between the same parties.” Merchant v. Montgomery Ward & Co., 83 So.2d at 925. In arriving at this holding, the First Circuit noted that it was persuaded by the fact that the delay in filing suit in state court was not occasioned by action of the parties cast in judgment.
Citing Merchant v. Montgomery Ward & Company, supra, this Court found that *345 legal interest on a judgment ran from the date suit was properly filed in state court rather than from the date of an earlier filing in federal court that was dismissed for lack of jurisdiction. O’Brien v. Delta Gas, Inc., 441 So.2d 802 (La.App. 4 Cir. 1983).
NBC argues that the Merchant and O’Brien cases are distinguishable because the plaintiffs in those cases chose to litigate first in federal court and then in state court, whereas NBC was “dragged” into federal court because it had to file a counterclaim in that court when Dibidale filed its main demand. We disagree. According to NBC, the bad faith dealings of Dibidale and the Bank were 1 ¿responsible for NBC’s delay in filing its state court action. Ronnie Theriot, NBC’s president, CEO and 100% shareholder, stated in an affidavit that NBC did not file the state court action sooner because it had to respond to Dibidale’s federal court claim and did not have the resources to litigate in multiple forums. However, NBC filed its state court action before its federal claim was dismissed. Therefore, we find no merit in NBC’s argument that it was forced into state court by the federal court’s decision not to exercise jurisdiction over NBC’s claim.
In the federal court action, the trial judge did not order the lawsuit transferred to state court; he dismissed the case for lack of jurisdiction. NBC’s state court action was a separate action. Based on the holdings in Merchant, O’Brien and IP Timberlands Operating Company, we find that judicial interest does not run in this case from the date of the earlier federal court proceeding that was dismissed. Because the state court action was the one that resulted in judgment, we conclude that the trial court correctly found that interest in this matter runs from June 18, 1991, the date the state court claim was filed. The court also correctly found that the judgment of February 23, 1999 has been fully satisfied and the Bank owes no further amounts to NBC.
For the reasons stated above, the trial court judgment is affirmed.
AFFIRMED.

. The facts of this case are set forth in this Court's opinion at 772 So.2d 938. The facts are not germane to the instant appeal, which involves only the determination of the date of judicial demand to be used for calculating interest on the judgment.

. An earlier U.S. Fifth Circuit decision did not address the issue of the federal court's jurisdiction over NBC’s claim against Dibidale. Dibidale of Louisiana, Inc. v. American Bank & Trust Company, New Orleans, 916 F.2d 300 (5th Cir.1990). The subsequent federal district court decisions finding no federal jurisdiction over NBC’s claims were not appealed by NBC.