JANVIER, Judge.
Plaintiffs appeal from a judgment of the Civil District Court for the Parish of Orleans dismissing, on exception of no cause of action, their suit for damages for personal injuries sustained by Mrs. Augusta C. Johnson against certain of the defendants named in her petition and in her supplemental and amended petition. The defendants named are the Sewerage and Water Board of Nlew Orleans, and Alfred E. Grosz, Victor O. Grosz, Charles H. Grosz, Agnes Grosz, wife of Harry Davis, Leonard M. Grosz and Julius L. Grosz, alleged to be the owners of the premises in front of which the accident occurred, and Arthur Abramson, alleged to be the tenant who operates a restaurant in the premises.
It is alleged that as Mrs. Johnson was walking on the public sidewalk in front of the premises known as 822 Poydras Street, in New Orleans, she stepped on a metal plate forming a part of the surface of the sidewalk, which plate formed the cover of an opening or hole containing a water valve “connecting with water pipes leading from outside water lines into the said premises aforesaid, to afford said premises its water supply * * It is further alleged that the said metal cover was “loose, and insubstantial”, and that Mrs. Johnson’s right foot and leg slipped into the hole and she sustained physical injuries on which this suit is based.
It also alleged:
*924 “That the defendant, The Sewerage & Water Board of New Orleans, maintains, and did maintain on January 28, 1949, excavations under the sidewalks and streets of the city of New Orleans for the purpose of installing, running and maintaining its water lines, sewerage and drainage mains and other works.”
And that
“the defendants, and each of them, long prior to the happening of said accident, and occurrence, and on the date thereof, had knowledge, or by the exercise of ordinary care and reasonable diligence, should have known of the faulty and dangerous condition of said opening or hole, and the metal cover thereof in said sidewalk, and of the hazard and peril thereof to the passing pedestrian public and to your petitioner, but made no effort to remedy or repair the same.”
The petition also contains the following allegations which obviously present only conclusions of law:
“That the proper care and maintenance of said opening or hole, and its metal cover, forming a part of said sidewalk, in order to permit the use of the same by the passing pedestrian traffic without hazard and danger to life and limbs, was the responsibility and duty of each and everyone of the said defendants hereto, jointly and severally.”
The Sewerage and Water Board filed answer and the case as against that defendant is now pending in the Civil District Court of the Parish of Orleans. The other defendants, alleged to be the owners of the property, and the tenant who it is alleged operates a restaurant in the premises, filed exceptions of no cause of action, which exceptions have been maintained, with the resulting dismissal of the suit as against them.
The questions which confront us are: (1) May there be circumstances under which an owner of adjacent property, or a tenant in the property may be held liable to a pedestrian on the adjacent sidewalk for injuries sustained by the pedestrian as a result of defects or obstructions in or on the sidewalk? (2) If there may be circumstances from which such liability may result, are the allegations of the supplemental and amended petitions which are before us sufficient to permit the introduction of evidence which might show such circumstances ?
There can be no doubt that it is now well settled that ordinarily the owners of adjacent property, or the tenants who may occupy such property, are not responsible for damages caused by defects in the sidewalks adjacent thereto.
In Legg v. Palozzola, La.App., 51 So.2d 151, 152, we considered these questions and we discussed several cases in which exceptions of no cause of action had been sustained, resulting in the dismissal of suits against adjacent property owners. We said:
“From these cases there has evolved the principle that an abutting owner is not responsible to a person who is injured because of the defective condition of the sidewalk, resulting from the failure of the property owner to maintain and keep the sidewalk in repair, as responsibility for the upkeep of streets and sidewalks is due by the municipality, and it alone is answerable for injuries.”
However, in that case we reached the conclusion that in certain rare instances possibly the owner of property adjacent to a sidewalk which is defective may be held liable, provided it be shown that the owner himself actually constructed the sidewalk in a defective way, or actually created the dangerous condition from which the damage resulted.
We find this question — whether there may be circumstances under which the adjacent property owner may be held liable — hrery interestingly discussed by L. V. Cooley, Judge ad hoc, in Hebert v. Badon, La.App., 167 So. 862, 863. From that opinion we quote the following:
“It is well recognized, of course, that a municipality can give the right or permission to a private individual to erect and maintain constructions upon or un *925 der streets and sidewalks, and where this is done, the private individual becomes responsible for injury caused thereby in the same manner as if the municipality itself had placed them there and was operating them.
“ ‘Such constructions are regarded as a nuisance, and the owner who operates one is liable to any person, who, using due care, sustains special injury therefrom. Dillon on. Municipal Corporations, vol. 4, par. 1725.’ Clack v. Liggett Drug Co., La.App., 164 So. 482, at page 485.
“This is the same theory plaintiff urges when she contends that these defendants are responsible, primarily, for having negligently created the holes in the sidewalk and permitted them to remain open, and she might have presented a cause of action based thereon had she made the proper allegations to that effect in her petition, but this she has failed to do.”
In an article entitled “Local Government Tort Responsibility”, Louisiana Law Review, Vol. 3, at page 740, appears a statement recognizing the general rule that ordinarily the abutting property owner is not responsible, but stating that there may be exceptions where the obstruction or the defect is'actually created by the property owner.
“A word should be said about the responsibility of the owner of abutting property for the condition of a sidewalk. Quite apart from his position as the owner of abutting property, he, like anyone else, is plainly responsible in damages to one who is injured due to an obstruction or other hazard that he has negligently placed or created on or near a sidewalk.”
In a note to that article appears a statement to the effect that in Hebert v. Badon, supra,
“plaintiff’s petition was held deficient on an exception of no cause of action because it did not relate the sidewalk defects in question to defendants further than to allege that the defects were in front of their property.”
Counsel for plaintiff, conceding that the petition, as it is now drawn does not contain allegations which would bring the case within the doctrine followed by us in Legg v. Palozzola, argue that the matter should be remanded to the Civil District Court in order to afford an opportunity to plaintiffs to allege facts which would bring the matter within the doctrine of Legg v. Palozzola.
We find it very difficult to ourselves think of what allegations might be made which would bring the case within that doctrine. And yet we notice in a decision of the Supreme Court rendered in 1919, James v. St. Charles Hotel Co., 145 La. 1004, 83 So. 222, 223, certain statements which might be interpreted as meaning that, under certain circumstances in a situation almost identical with these presented here, there possibly may be liability in the adjacent property owner or in the tenant who occupies the adjacent property. There a pedestrian was killed as the result of falling to the sidewalk while walking on the sidewalk alongside the St. Charles Hotel. It was sought to hold the hotel company liable and it was alleged that:
“the fall was caused by her stepping upon a loose and defective cover of a manhole, under which were wires and cables leading into the hotel * * * ”,
and that
“the loose and defective condition of the manhole cover was apparent and was known or ought to 'have been known by defendant;”
and further,
“that defendant was guilty of gross negligence in failing to have the manhole cover repaired and maintained in a condition of safety to pedestrians.”
The Supreme Court dismissed the suit against the hotel company on an exception of no cause of action, stating that there was no allegation that the defendant was either the owner or the lessee of the hotel. In the opinion the Court went further and stated that:
“The petition would not disclose a cause of action, however, if we should assume, from the name, that defendant *926 was the owner or lessee or otherwise interested in the St. Charles Hotel; for it would not even then appear that defendant was in any way responsible for the condition of the manhole or the cover over it.”
Tlie Court also said that it might be inferred from the allegations of the petition that the manhole was maintained for the convenience of the municipal authorities or of some public service corporation, intimating that possibly if the petition had alleged that the manhole was maintained for the convenience of the property owner or for the tenant that possibly these facts might have shown liability in the property owner or in the tenant.
 Again we say that we find it difficult to imagine what allegations could be made which would show these facts, but, as a result of the statements made by the Supreme Court, we reach the conclusion that if such facts could be alleged, possibly liability might be shown. We deem it advisable to remand the matter to the Civil District Court in order that the plaintiffs may be afforded an opportunity to make such allegations if it is possible for them to do- so.
It is well established that an exception •of no cause of action should not be maintained unless it is clear that allegations of the petition disclose a lack of such cause. In Waggoner v. City of Minden, La.App., 9 So.2d 244, 247, there appears a clear statement of this rule:
"This cause, to say the least, should certainly be considered in the light of the established doctrine that doubts as to the rights of a plaintiff to recover should be resolved in favor of the sufficiency of the petition where it does not clearly disclose lack of right or cause of action. Patterson v. Chicago, R. I. & P. R. Railroad Company, La.App. 175 So. 164; Pittman v. Gifford-Hill & Company, supra [La.App., 188 So. 470]; Gunn v. Saenger-Ehrlich Enterprises, Inc., et al., La.App., 192 So. 744. * * * ”
It is therefore ordered, adjudged and decreed that the judgment appealed from be and it is annulled, avoided and reversed, and it is ordered that the matter be now remanded to the Civil District Court for the Parish of Orleans for further proceedings consistent with the views herein expressed and according to law.
Reversed and remanded.
REGAN, J., takes no part.