135 So.2d 620 (1961)
Joe YOUNGBLOOD, Plaintiff-Appellant,
v.
NEWSPAPER PRODUCTION COMPANY, Inc. et al., Defendants-Appellees,
Reliance Insurance Company, Intervenor-Appellant.
No. 9582.
Court of Appeal of Louisiana, Second Circuit.
November 22, 1961.
Rehearing Denied December 27, 1961.
*621 Eugene J. Coen, Shreveport, for plaintiff-appellant.
Morgan, Baker, Skeels, Middleton & Coleman, Shreveport, for Reliance Insurance Co., intervenor-appellant.
Lunn, Irion, Switzer, Trichel & Johnson, Shreveport, for Newspaper Production Co., Inc., and Indemnity Ins. Co. of North America, defendants-appellees.
Joseph R. Bethard, Shreveport, for G. A. Modica and Hartford Accident & Indemnity Co., defendants-appellees.
Before HARDY, GLADNEY and AYRES, JJ.
AYRES, Judge.
This is an action in tort. Plaintiff and his employer's workmen's compensation insurer appealed from a judgment sustaining exceptions of no cause of action.
The allegations of plaintiff's petition assert that while he was an employee of Bossier Appliance Company, 2234 Barksdale Boulevard, Bossier City, Louisiana, February 25, 1960, walking on a sidewalk in front of his employer's place of business, his foot became entangled in some wire which caused him to fall, causing the injuries for which he claims damages; and that the Newspaper Production Company, Inc., used the sidewalk as a distributing point for its papers, where the wire was carelessly left by its employees. Negligence is attributed to the fact that the wire was, by defendant's employees, placed and permitted to remain on the sidewalk.
It is further alleged that G. A. Modica, another of the defendants, leased the premises to plaintiff's employer and that, by virtue of his failure to maintain the sidewalks, fronting and abutting his property, free and clear of obstructions, he and his insurer are likewise responsible for the damages allegedly sustained by plaintiff.
The compensation insurer intervened for reimbursement of compensation paid, or to be paid, because of plaintiff's accidental injuries.
The exceptions are predicated primarily upon an alleged affirmative showing in plaintiff's petition of his own negligence constituting a proximate cause of the accident in which he allegedly sustained injuries. The exception as pertains to defendant Modica and his insurer also relates (1) to the lack of any statutory duty upon an owner or occupant of property abutting a sidewalk to keep the sidewalk in repair or in a safe condition for travel, and (2) to the absence of any statutory liability on such owner or occupant for failure to maintain the sidewalk in repair or free from defects or obstructions which he did not create.
Consideration shall first be directed to the merits of the exceptions with reference to the particular position assumed by Modica and his insurer. We are referred to no statutory duty to the public of an abutting property owner to keep a sidewalk in repair or in a safe condition for travel. Nor are we referred to any statutory provision imposing liability on such an owner or occupant for damages for failure to maintain such a sidewalk in repair or free from obstructions which he did not cause. Nor are we aware of any such statutory duties or liability.
*622 The rule generally recognized is that an abutting property owner is under no duty to repair nor maintain public sidewalks. The rule is also extended to exclude such owner or occupant from liability to persons injured by defects in or obstructions on such sidewalks. A recital of the general rule is contained in 63 C.J.S. Municipal Corporations § 861.b., p. 219, wherein it is stated:
"The owner or occupant of property abutting a sidewalk is not an insurer of the safety of pedestrians using the sidewalk, and, as a general rule, in the absence of statute, he owes no duty to the public to keep the sidewalk in repair or in a safe condition for travel, and is not liable for injuries to a traveler from defects or obstructions which he did not create."
The jurisprudence of this State is in accord with the aforesaid rule. Arata v. Orleans Capitol Stores, 219 La. 1045, 55 So. 2d 239; Johnson v. Sewerage and Water Board, La.App.Orleans, 1952, 57 So.2d 923 (writs denied); Brantley v. City of Baton Rouge, La.App. 1st Cir., 1957, 98 So.2d 824 (writs denied); Toppi v. Arbour, La.App. 1st Cir., 1960, 119 So.2d 621; Brown v. Parish of East Baton Rouge, La.App.1st Cir., 1960, 126 So.2d 173 (writs denied). The rule was tersely stated by the Supreme Court in the Arata case (219 La. 1045, 55 So.2d 239, 244):
"* * * Generally an abutting property owner (such as is the Store) is not liable for injuries sustained as a result of a defect in the adjoining sidewalk or street. Betz v. Limingi, 46 La.Ann. 1113, 15 So. 385; James v. St. Charles Hotel Company, 145 La. 1004, 83 So. 222; McGurk v. City of Shreveport et al., La.App., 191 So. 553; Thomason v. Dan Cohen Company et al., La.App., 7 So.2d 396; Cummings v. Henninger, 28 Ariz. 373, 236 P. 701, 41 A.L.R. 212. * * *."
To the aforesaid general rule, there is an exception where the defect in the sidewalk or obstruction causing damage was created or caused by the abutting property owner or occupant. In such an event, responsibility is imposed upon such abutting property owner or occupant. Stern v. Davies, 128 La. 182, 54 So. 712; Burke v. Werlein, 143 La. 788, 79 So. 405; Long v. American Ry. Express Co., 150 La. 184, 90 So. 563, 22 A.L.R. 1493
The imposition of liability under the aforesaid exception to the general rule is merely in keeping with the provisions of LSA-C.C. Art. 2315, providing that
"Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it * * *."
Nevertheless, there is no specific duty placed upon the owner or occupant of a premise abutting a sidewalk to police the sidewalk fronting said property.
Moreover, plaintiff's petition does not relate the alleged obstructions on the sidewalk to defendant Modica and his insurer further than to allege that the obstructions were in front of the owner's property. Thus, plaintiff's petition is deficient in stating a cause of action against the abutting property owner and his insurer. Hebert v. Badon, La.App.1st Cir., 1936, 167 So. 862; Johnson v. Sewerage and Water Board, supra.
Lastly for consideration is the exception as it relates to the defendants, Newspaper Production Company, Inc., and its insurer.
For a cause of action against these defendants, plaintiff alleged the existence of a sidewalk abutting his employer's place of business, the use of a portion of the sidewalk as a distributing center for defendant's papers, the littering of the sidewalk with baling wire removed from the bundles of papers, and the entanglement of his feet in these wires as he walked along the sidewalk. *623 From plaintiff's allegations of the presence of wire on the sidewalk where he was walking, it is contended there is an affirmative showing of plaintiff's own negligence in failing to see the wire, which, it is asserted, could and should have been seen by the exercise of reasonable precaution and due diligence. Moreover, it is contended that plaintiff, by virtue of his employment at the aforesaid location, should have been familiar with the situation on the sidewalk of which he now complains. These contentions are, in our opinion, without merit. If the first of these should be sustained, the result would be that no one could complain of a defect in or obstruction on a sidewalk.
It may be further pointed out, however, that the petition is silent, not only as to the duration of plaintiff's prior employment at this location but also as to the interval of time the sidewalk had been used by this defendant. Nor are there any allegations of plaintiff's prior knowledge of the condition existing on the sidewalk. His subsequent allegations that such conditions had been persisted in for some time are not equivalent to an assertion of his knowledge thereof prior to and at the time of the occurrence of the accident.
Contributory negligence, as a special defense, must be pleaded specially and supported by evidence, but, if the allegation of fact of the petition clearly discloses its existence, the issue may be raised by an exception of no cause of action. Arata v. Orleans Capitol Stores, supra; Louisiana Power & Light Co. v. Saia, 188 La. 358, 177 So. 238; Odum v. Newstadt's Shoe Stores, La.App. 2d Cir., 1940, 194 So. 81.
However, it is also a well-established rule, with respect to such issue, that, inasmuch as a plaintiff is not required to negative contributory negligence in his petition, the exception should not be maintained unless the alleged facts establish affirmatively the existence of negligence on his part proximately causing the accident. To warrant the upholding of the exception, it is necessary that the allegations exclude every reasonable hypothesis other than that the proximate cause of the accident was negligence of the plaintiff. Arata v. Orleans Capitol Stores, supra; Dodge v. Bituminous Casualty Corporation, 214 La. 1031, 39 So.2d 720; West v. Ray, 210 La. 25, 26 So.2d 221; Pittman v. Gifford-Hill & Co., Inc., La.App.2d Cir., 1939, 188 So. 470 (writs denied); Gibbs v. Illinois Cent. R. Co., 169 La. 450, 125 So. 445; Burmaster v. Texas Pacific Missouri Pacific T. R. R., La.App.Orleans, 1937, 174 So. 135.
The allegations of plaintiff's petition, substantially recited hereinabove, viewed in their entirety do not affirmatively disclose negligence on the part of plaintiff proximately causing the accident. Thus, they do not exclude every reasonable hypothesis other than that he failed to use ordinary care. Perhaps after a trial on the merits, when all the facts and circumstances surrounding the occurrence of the accident are before the court, the conclusion may be inescapable that plaintiff was, in fact, guilty of contributory negligence, but we cannot prejudge the case on its merits and, consequently, cannot reach that conclusion from the pleadings alone.
For the reasons assigned, the judgment appealed, insofar as it sustains the exception of no cause of action on behalf of the defendants, G. A. Modica and the Hartford Accident & Indemnity Co., be, and it is hereby, affirmed, and, as to the defendants, Newspaper Production Company, Inc., and Indemnity Insurance Company of North America, it is hereby annulled, avoided, reversed and set aside, and, accordingly, as to said defendants, the exception of no cause of action is overruled, and, as to them, the case is remanded to the Honorable, the First Judicial District Court in and for Caddo Parish, Louisiana, for further proceedings in accordance with law and consistent with the views herein expressed.
Affirmed in part, reversed in part, and remanded.