617 So.2d 49 (1993)
Ila MONTELEON and Bernard Monteleon
v.
CITY OF NEW ORLEANS, et al.
No. 92-CA-1098.
Court of Appeal of Louisiana, Fourth Circuit.
March 30, 1993.
Keith R. Credo, Metairie, for plaintiff/appellant.
Marianne S. Pensa, John J. Erny, III, Galloway, Johnson, Tompkins & Burr, New Orleans, for defendant/appellee.
Before BYRNES, CIACCIO and JONES, JJ.
BYRNES, Judge.
Ila and Bernard Monteleon, filed this suit against the City of New Orleans, Mr. Gerald Jensen, and his insurer, State Farm Fire & Casualty Company (hereinafter "State Farm"), alleging that on February 24, 1989, Ila Monteleon fell on the city *50 sidewalk in front of Gerald Jensen's house, causing her injuries. Cross-claims were filed by both State Farm and the City of New Orleans against each other. Gerald Jensen was never served with the lawsuit. A motion for summary judgment was filed by State Farm on October 25, 1991, which was granted by the trial court on December 16, 1991. Plaintiffs appeal. We affirm.
The Monteleons allege that Mr. Jensen was liable for the damages they sustained because he caused the sidewalk to become defective by:
1. Allowing his land adjoining the sidewalk to sink;
2. Failing to maintain a proper grade, slope and level on his property;
3. Removing a tree which lowered the water table causing the sidewalk to crack and fall;
4. Allowing another tree which is still standing to raise a certain portion of the sidewalk;
5. Allowing the water run off and erosion from his property to cause the sidewalk to fall.
Plaintiffs' efforts to hold Mr. Jensen responsible for their damages rely entirely on two cases: Youngblood v. Newspaper Production Company, 135 So.2d 620 (La.App. 2 Cir.1961) and George v. Western Auto Supply Company, Inc., 527 So.2d 428 (La. App. 4 Cir.1988). That reliance is misplaced.
In Youngblood plaintiff was injured when he tripped over newspaper bailing wire left on the sidewalk by the defendant Newspaper Production Company, Inc. Plaintiff also sued the adjoining property owner for failing to keep the sidewalk in a safe condition for travel. The court sustained the adjoining property owner's exception of no cause of action quoting what appears to be the general rule nationwide:
"The owner or occupant of property abutting a sidewalk is not an insurer of the safety of pedestrians using the sidewalk, and, as a general rule, in the absence of statute, he owes no duty to the public to keep the sidewalk in repair or in a safe condition for travel, and is not liable for injuries to a traveler from defects or obstructions which he did not create."
George v. Western Auto Supply Co., Inc., is totally inapposite. In George the question was what duties does a retail establishment owe to its business invitees who are injured on the adjacent sidewalk.
The court held that the adjoining property owner/business had:
1. No duty to notify the city of defects in the sidewalk.
2. No duty to warn the plaintiff of defects in the sidewalk.
3. No duty to maintain a safe entrance/exit to its store that extended to the city sidewalk in front of the store.
Non-negligent adjoining landowners are not liable for defects in sidewalks even though they are required by law to be responsible for the expense of maintaining them. Kuck v. City of New Orleans, 531 So.2d 1142 (La.App. 4 Cir.1988); Houssiere v. Lafayette Ins. Co., 559 So.2d 903 (La. App. 4 Cir.1990).
In Carpenter v. State Farm Fire & Casualty Co., 411 So.2d 1206 (La.App. 4 Cir. 1982), where the plaintiff slipped and fell on some slime located on the sidewalk in front of defendant's house, this court stated the following with respect to the liability of the adjacent landowner:
"[D]etermination of the defendant Johnson's liability as the abutting property owner does not allow the application of Art. 2317, for the reason that public sidewalks are not within his custody or `garde'."
* * * * * *
"Applying the law of negligence, we note that the abutting property owners are under no duty to repair or maintain a public sidewalk." [Emphasis added.] 411 So.2d at 1211.
In no instance has the landowner been held responsible for a sidewalk that deteriorated over time. Those exceptional cases that have imposed liability on the adjoining landowner involved obstructions placed on the sidewalk by the landowner, or immediate *51 damage inflicted on the sidewalk by the landowner.
Sidewalks in New Orleans are constantly cracking, breaking and becoming uneven because of varying combinations of soil subsidence, changes in the water table, tree roots, and wide fluctuations in heat and moisture.[1] No Louisiana court has ever held the adjoining landowner liable for such conditions, and we do not intend to start now.
Plaintiffs argue that the burden is on State Farm to show that none of its insureds, including Mrs. Jensen and the Jensens' children, none of whom were named in plaintiffs' petition, did anything to cause the sidewalk to crack and fall. There is no merit to this argument. There is no presumption that landowners are responsible for defects in adjacent sidewalks. It is not sufficient for plaintiffs to show that there is a defect to shift the burden to the defendants to show that they did not cause it. Plaintiffs have the dual burden of proving the existence of the defect and that the defendant caused the defect. The doctrine of res ipsa loquitur does not apply to these facts.
Plaintiffs have no idea what caused the alleged unevenness in the sidewalk. But even if we accept plaintiffs' allegations as true, all of the possible explanations they offer involve quotidian, commonplace New Orleans processes of nature that evolve gradually, imperceptibly, silently, invisibly, unpredictably, and unforeseeably over a long period of time.
Assuming the Jensens did all that plaintiffs alleged they did, their actions are too remote from Mrs. Monteleon's injuries to be the legal cause. Plaintiffs have failed to raise any genuine issue of material fact. Therefore we affirm the judgment of the trial court.
AFFIRMED.
NOTES
[1] Although the record is silent, we suspect that with the freezes, snows, record rains and other weather extremes that we have experienced in the last few years that these natural forces have been working overtime causing mischief with our sidewalks.