820 So.2d 1219 (2002)
Craig T. SCHULLY and Denise Schully
v.
James W. HUGHES and Chateau Partners, L.L.C.
No. 2000-CA-2605.
Court of Appeal of Louisiana, Fourth Circuit.
June 5, 2002.
*1220 Bernard J. Bagert, Jr., Salvador Bivalaqua, The Bagert Law Firm, New Orleans, LA, for Plaintiff/Appellant.
Thomas G. Buck, Justin L. Hawks, Blue Williams L.L.P., Metairie, LA, for James W. Hughes.
Todd L. Lacoste, John J. Erny, III, Law Offices of Erny & Gracia, Metairie, LA, for Chateau Partners, L.L.P.
(Court composed of Chief Judge WILLIAM H. BYRNES III, Judge JAMES F. McKAY III, Judge DAVID S. GORBATY).
BYRNES, Chief Judge.
Plaintiffs, Craig T. Schully and Denise Schully, appeal the summary judgment dismissal of their personal injury claims against the defendants, James W. Hughes and Chateau Partners, L.L.C, arising out of a fall from his bicycle sustained by Craig Schully, allegedly due to a sidewalk defect. An earlier motion for summary judgment brought by the defendant, Hughes, was denied by the trial court on April 19, 2000, with reasons for judgment dated April 28, 2000, suggesting that, "A new properly filed motion for summary judgment might" succeed.
The defendant, Hughes, and his insurer, State Farm Fire and Casualty Company, filed an answer to the plaintiffs appeal contesting the trial court's finding that Hughes had an ownership interest in the land under the sidewalk. However, Hughes' answer to the appeal does not ask for any modification to the judgment of the trial court.
In Johnson v. State/University Hosp., XXXX-XXXX (La.App. 4 Cir. 1/16/02), 807 So.2d 367, 369, this Court described the summary judgment standard of review pursuant to the Supreme Court's analysis of the impact of the change in the law favoring summary judgments:
Appellate courts review summary judgment de novo, using the same criteria applied by the trial courts to determine whether the summary judgment is appropriate. Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181 c/w 99-2257, (La.2/29/2000), 755 So.2d 226, 230. The supporting documentation submitted by the parties should be scrutinized equally, and there is no longer any overriding presumption in favor of trial on the merits. Id., 755 So.2d at 231.
Plaintiffs allege in paragraph "IV" of their petition that:
On February 22, 1999 at approximately 07:30 P. M., petitioner was operating his bicycle in a northerly direction on the sidewalk which runs parallel to the western side of Loyola Drive when suddenly the forward wheel of his bicycle struck a covert obstruction in the sidewalk itself. The point at which the obstruction occurred was near the line of division between the property owned by James W. *1221 Hughes and Chateau Partners, L.L.C. The obstruction consisted of an extraordinary six inch vertical elevation in concrete.
Plaintiffs further allege that the defendants are responsible for the plaintiffs' injuries arising out of striking the obstruction in the sidewalk because the defendants as custodians of the sidewalk knew or should have known of the defect. Plaintiffs petition also invokes the doctrine of res ipsa loquitur.
The trial court dismissed all of plaintiffs' claims against both defendants finding that:
[A]lthough the land upon which the sidewalk was constructed was owned by [the defendants], the sidewalk is owned by the City of Kenner. The movers are not commercial enterprises and, thus, there is no issue of garde.
The plaintiffs do not deny that the accident occurred on a sidewalk dedicated to public use. The fact that the plaintiff, Craig Schully, was operating his bicycle on the sidewalk supports that conclusion.
The defendant, James Hughes, filed an affidavit attesting to the fact that "he did not develop or benefit, in any way, from the public sidewalk adjacent to his private residential property," that he "never cleaned, repaired, or altered, in any way, the public sidewalk," and that he "in no way caused or contributed to any cracking, splitting, or alternation [sic] in sectional elevations, if any, of the public sidewalk adjacent to his property."
Chateau Partners, LLC offered the affidavit of Pam Beyer its "property associate" to the effect that it did not construct the sidewalk and has performed no work on the sidewalk since its construction. Affiant Beyer also attests to the fact that Chateau Partners, LLC owns the Omni Bank building at the Corner of West Esplanade and Loyola Drive in Kenner, Louisiana. Plaintiffs do not challenge Ms. Beyer's competency to give this affidavit.
The plaintiffs have offered no evidence to rebut these and other factual assertions found in either affidavit. Moreover, the doctrine of res ipsa loquitur may not be employed against the adjoining landowner in a sidewalk case. Morgan v. City of New Orleans, 94-0874 (La.App. 4 Cir. 12/15/94), 647 So.2d 1308, 1311; Monteleon v. City of New Orleans, 617 So.2d 49, 51 (La.App. 4 Cir.1993).
The burden for tort liability arising from a defect in a public sidewalk is generally with the municipality, not the adjoining landowner. Houssiere v. Lafayette Insurance Co., 559 So.2d 903, 904 (La.App. 4 Cir.1990). An abutting property owner is not generally responsible for the repair or maintenance of a public sidewalk except where the defect in the sidewalk was caused by that landowner. Randall v. Feducia, 507 So.2d 1237, 1239 (La.1987); Birner v. City of New Orleans, 619 So.2d 723, 725 (La.App. 4 Cir.1993); Monteleon v. City of New Orleans, 617 So.2d 49, 50 (La.App. 4 Cir.1993); Carpenter v. State Farm Fire & Casualty Co., 411 So.2d 1206, 1211 (La.App. 4 Cir.), writ den. 415 So.2d 951 (La.1982). This exception is based on negligence under La.C.C. art. 2315. Youngblood v. Newspaper Production Co., 135 So.2d 620, 622 (La.App. 2 Cir. 1961).
Morgan, supra, 647 So.2d at 1310-1311.
The plaintiffs contend that a genuine issue of material fact remains as to whether Mr. Hughes owns the ground under the portion of the sidewalk where the accident occurred, and might, consequently, also own everything above it which would include the sidewalk. The plaintiff argues correctly that the unverified documents annexed to the defendants' motions for *1222 summary judgment are not self-proving and, therefore, should not be considered. We disagree strongly with the contrary statement made recently by our learned brethren of the First Circuit that documents need only be annexed to a motion for summary judgment to be admissible. Arnette v. NPC Services, Inc., XXXX-XXXX (La.App. 1 Cir. 2/15/02), 808 So.2d 798. The position taken by the First Circuit in Arnette not only conflicts directly with the position taken by this court in Chariot v. Alabama Great Southern R. Co., 98-0895, p. 3 (La.App. 4 Cir. 6/24/98), 716 So.2d 906, 908, and Harvey v. Francis, XXXX-XXXX, p. 3 (La.App. 4 Cir. 3/21/01), 785 So.2d 893, 896, but it is also inconsistent with the First Circuit's own opinion in Richard v. Garber Bros., Inc., 90-1421, p. 4-5 (La. App. 1 Cir. 10/7/94), 644 So.2d 682, 684 where the First Circuit stated that:
[D]ocuments [that] are unsworn, unverified and unaccompanied by sworn affidavits... are not of sufficient evidentiary value to be given weight in determining whether there is a genuine issue of material fact.
As was expressed so well by the Fifth Circuit in Premier Restaurants, Inc. v. Kenner Plaza Shopping, 93-1310, p. 10 (La.App. 5 Cir. 8/29/00), 767 So.2d 927, 932-933:
A document which is not an affidavit or sworn to in any way, or which is not certified or attached to an affidavit, is not of sufficient evidentiary quality to be given weight in determining whether or not there remains genuine issues of material fact. Herod v. American Service Life Ins. Co., 554 So.2d 783 (La.App. 5 Cir.1989). An unsworn and unverified document is insufficient. Parker v. Sears, Roebuck & Co., 418 So.2d 1361, 1364 (La.App. 2 Cir.1982); Continental Casualty Co. v. McClure, 313 So.2d 260, 262 (La.App. 4th Cir.1975). Thus, statements made in letters rather than by affidavits have no evidentiary value. See Powers v. Tucker, 29,190 (La.App. 2 Cir. 2/26/97), 690 So.2d 922, 926.
See also the Third Circuit opinion in Parker v. Harper, XXXX-XXXX, p. 14 (La. App. 3 Cir. 10/31/01), 803 So.2d 76, 85 and the Second Circuit opinion in Powers v. Tucker, 29,190 (La.App. 2 Cir. 2/26/97), 690 So.2d 922, 926, cited above in Premier Restaurants. Thus all of the Circuits, including the First Circuit, have cases conflicting with Arnette. The requirement that documents be verified or authenticated is not merely a mechanical one of form only. It is based on the fundamental fact that such documents are not self-proving. Harvey, supra. Under Arnette all manner of worthless documents would magically somehow become admissible by virtue of merely stapling them to a motion for summary judgment.
Although the plaintiffs make an excellent argument concerning the inadmissibility of the defendants' documents tending to prove that they did not own the sidewalk or the land under it, plaintiff's efforts still fall short as a matter of law of raising a genuine issue of material fact concerning the defendants' liability for his alleged accident on the sidewalk.
Plaintiffs contend that the defendant, Hughes, is liable in the instant case because he owns the land under the sidewalk, and, therefore, in all likelihood is also the owner of the sidewalk itself. However, in the much cited Youngblood[1] case, supra, it *1223 was noted that the rule that the owner of the property adjoining the sidewalk is not liable for injuries arising from defects he did not create is the general rule throughout the nation. Monteleon, supra, 617 So.2d at 50. In Kuck v. City of New Orleans, 531 So.2d 1142 (La.App. 4 Cir. 1988) this court noted that a statute that required that "all paved and unpaved banquettes in said City shall be kept in repair by the owners of real property fronting thereon" did not shift tort liability from the municipality to the abutting property owner.
In view of the strong public policy consistently expressed in these and all other Louisiana cases, as well as most cases nationally, against holding the adjoining property owner liable for injuries arising out of public sidewalk defects he did not create, we hold that regardless of whatever technical claim to title either of the defendants may have to the sidewalk or to the land thereunder, they are not responsible for the defect that caused the plaintiffs' damages.[2] The strength of this public policy is demonstrated by the fact that this Court in Kuck refused to impose liability on the adjoining landowner in spite of a statute that specifically mandated that the adjoining landowner be responsible for the repair of the sidewalk.
The defendants will not bear the burden of proof at the trial on the merits. As the defendants have produced competent evidence to prove that they did not create the sidewalk defect, they have succeeded in pointing out to the court "that there is an absence of factual support for one or more elements essential to the adverse party's claim" pursuant to LSA-C.C.P. art. 966 C(2), and the burden of proof on the motion for summary judgment then shifted to the plaintiffs. The plaintiffs have failed to carry this burden. Plaintiffs have failed to offer any evidence that would raise a genuine issue of material fact concerning whether the defendants created the defect in the sidewalk.
Thumfart v. Lombard, 613 So.2d 286 (La.App. 4 Cir.1993), (which the trial court described, probably correctly, as an "orphan case") does not apply. It was not a sidewalk case.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] Chateau Patner, LLC is in a position analogous to that of the defendant in the Youngblood case, G.A. Modica, who leased the premises to the commercial enterprise that the plaintiff, Youngblood, sought to hold liable for the condition of the sidewalk. The whole significance of the Youngblood decision is that the court refused to impose such liability on the adjoining property owner-landlord.
[2] Accordingly, we need not address the issue of ownership raised by Hughes and his insurer, State Farm Fire and Casualty Company, in their answer to the plaintiffs' appeal.