995 So.2d 1257 (2008)
Randy SMITH and Yvette Bailey-Smith Individually and as Natural Tutors of Randy Smith, II
v.
The ROMAN CATHOLIC CHURCH OF the ARCHDIOCESE OF NEW ORLEANS, The Roman Catholic Congregation of St. James and St. Joseph Central Catholic Elementary School, Tonya Dupree, Ms. Jones, Mutual of Omaha Companies and Catholic Mutual Group.
No. 2008-CA-0181.
Court of Appeal of Louisiana, Fourth Circuit.
November 12, 2008.
Rehearing Denied December 17, 2008.
*1258 Jack H. Tobias, The Law Offices of Jack H. Tobias, New Orleans, Louisiana, for Plaintiffs/Appellants.
Gregory G. Gremillion, Rebecca L. Barrilleaux, William H. Voigt, Gaudry Ranson Higgins & Gremillion, L.L.C., Gretna, Louisiana, for Defendants/Appellees.
(Court composed of Judge JAMES F. McKAY III, Judge MICHAEL E. KIRBY, Judge TERRI F. LOVE).
*1259 JAMES F. McKAY III, Judge.
The appellants, Randy Smith and Yvette Bailey-Smith ("the Smiths"), individually and as natural tutors of their minor child, Randy Smith II, appeal the judgment of the trial court granting the appellees', The Roman Catholic Church of the Archdiocese of New Orleans, The Roman Catholic Congregation of St James and St. Joseph Central Catholic Elementary School ("St. Joseph"), Tanya A. Dupree, Ms. Lemoine Jones, Mutual of Omaha Companies and Catholic Mutual Group, motion for summary judgment. For the reasons that follow, we affirm the judgment of the trial court.

BACKGROUND AND PROCEDURAL HISTORY
This case stems from an accident at St. Joseph when Randy Smith II ("Randy"), while performing an errand for a teacher, trips and falls resulting in facial injuries.
Randy, at the time of the accident, was an eleven-year-old fifth grade student at St Joseph, in Ms. Dupree's class. On February 18, 2005, Ms. Lemoine Jones, a third grade teacher at St. Joseph, asked Ms. Dupree to allow some of the students to assist her in carrying various items to the gym. Ms. Dupree assigned Randy and two other boys to assist Ms. Jones. Randy was assigned to carry an empty crock pot. Randy, accompanied by Ms. Jones, was walking down the hall when he suddenly tripped over a rolling book bag belonging to another student that had inadvertently crossed in front of his path. As a result of the fall, Randy hit the edge of the crock pot as it hit the floor and he sustained significant facial and mouth injuries that required surgery and the loss of one permanent tooth.
On February 16, 2006, the Smiths filed a petition for damages against the defendants. On September 6, 2007, the defendants filed a motion for summary judgment along with supporting documentation. On October 3, 2007, the day the hearing on the motion for summary judgment was held, the Smiths attempted to file supplemental and amending affidavits, which by local court rule were due eight days prior to the hearing date. Nevertheless, the trial court admitted the affidavits. The trial court noted that "in the interest of justice and understanding or giving the plaintiff the right to meaningful review at the fourth circuit, I'm going to admit the affidavits attached to the opposition affidavit of Randy Smith...." At the conclusion of the hearing on the defendants' motion for summary judgment the trial court granted the motion and dismissed the plaintiffs' suit with prejudice.

STANDARD OF REVIEW
We review a grant of summary judgment de novo applying the same criteria applied by trial courts to determine if summary judgment is appropriate. Supreme Services and Specialty Co., Inc. v. Sonny Greer, Inc., 06-1827 (La.5/22/07), 958 So.2d 634, 638. Summary judgment should only be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show no genuine issue of material fact exists and that mover is entitled to judgment as a matter of law. La. C.C.P. art. 966 B.
If the movant will not bear the burden of proof at trial, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, but rather to point out to the court the absence of factual support for one or more elements essential to that claim. La. C.C.P. art. 966 C(2). The adverse party must, thereafter, produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden *1260 of proof at trial. Id. Summary judgment shall be rendered against the adverse party if he fails to set forth facts sufficient to show that a genuine issue for trial exists.

DISCUSSION
The appellants put forward numerous issues for review basically asserting that the trial court applied the wrong standard in granting the motion for summary judgment.
Appellants argue that the trial court failed to properly apply a theory of adequate supervision. The appellants assert that in some way the trip and fall would not have occurred if Ms. Jones had been supervising the children in the hall. They assert that Ms. Jones failed to properly supervise the students in particular Randy and the unnamed student, that pulled the wheeled school bag into his path, causing Randy to trip and fall, ultimately resulting in injuries to his mouth and teeth.
The appellants have referred to the liability they seek to impose on the defendants as vicarious liability under La. C.C art. 2320. However, the Louisiana Supreme Court has held that La. C.C. art. 2320 is not a true "vicarious liability" statute, as it requires independent fault on the part of a school board in that the school board is only liable for damages caused by students under their supervision when the school board, the teacher, or other school authorities might have prevented the act that caused the damages. See Wallmuth v. Rapides Parish School Board, 01-1779 (La.4/3/02), 813 So.2d 341, 349. Specifically, article 2320 provides that responsibility only attaches when the "employers" or "teachers ... might have prevented the act which caused the damage, and have not done so."
Schools and school boards, through their employees or teachers, owe a duty of reasonable supervision over students. The supervision required is reasonable, competent supervision appropriate to the age of the children and the attendant circumstances. Id. at 346. However, this duty does not make the school or school board the insurer of the safety of the children. Constant supervision of all students is not possible or required for employees or teachers to discharge their duty to provide adequate supervision. Before liability can be imposed upon a school or school board for failure to adequately supervise the safety of students, there must be proof of negligence in providing supervision and also proof of a causal connection between the lack of supervision and the accident. Id. Further, the unreasonable risk of injury must be foreseeable, constructively or actually known, and preventable, if the requisite degree of supervision had been exercised. Frazer v. St. Tammany Parish School Board, 99-2017 (La. App. 1st Cir.12/22/00), 774 So.2d 1227, 1232.
The appellees supported their motion for summary judgment with an affidavit by Lemoine Jones that stated that she had no knowledge that the Smiths' son would be involved in an accident and that there was no way she could have prevented the incident as it occurred very quickly and without forewarning. They also supported their motion with the deposition of Randy in which he testified that the teacher was walking on the side of him and that he did not know that an accident was about to happen when the little girl cut in front of him.
Pursuant to La. C.C. P. art. 966, the appellants had the burden to produce factual support sufficient to establish that they would be able to satisfy their evidentiary proof at trial. In the Smiths' opposition to the defendants' motion for summary judgment, they filed several *1261 supporting affidavits that the Judge found to contain hearsay and opinion evidence that was inadmissible. The Smiths failed to meet their burden of proof.
In this case, the conduct or acts of the children was unforeseeable, and by all accounts, happened suddenly and without warning. There is no way that Ms. Jones could have foreseen the incident and prevented it from occurring.
The appellants have failed to produce any creditable evidence of improper supervision. After carefully gleaning the record before this Court, we conclude that the appellants failed to prove that there was an unreasonable lack of supervision by the teachers at St. Joseph when the incident occurred.
The appellants also assert that the trial court erred in failing to admit internet documents concerning the alleged dangers of book bags.
This Court has previously held that a document which is not an affidavit or sworn to in any way, or which is not certified or attached to an affidavit, is not of a sufficient evidentiary quality to be given weight in determining whether there remains genuine issues of material fact. Schully v. Hughes, 2000-2605 (La.App. 4 Cir 6/5/02), 820 So.2d 1219, 1222. The internet study introduced by the Smiths was simply an unsupported document. The trial court was correct in refusing to admit the document into evidence.
Finally, the appellants assert that the trial court erred in striking parts of Randy's affidavit. Pretermitting the issue that the filing of the appellants' affidavits was untimely pursuant to court rules but still admitted by the trial court, we find that the trial was correct in concluding that Randy's affidavit contained inadmissible opinion and conclusions of law. Randy's statements concluding that improper supervision and a lack of restrictions on wheeled school bags ultimately led to his injuries is commensurate with drawing conclusions of law. The statements are not grounded in fact but are mere speculation and opinion.
It is well established that supporting and opposing affidavits shall be made on personal knowledge and set forth facts that would be admissible in evidence. La. C.C.P. art. 967. Ultimate facts and conclusions of law contained in supporting affidavits cannot be considered for purposes of summary judgment. JCM Const. Co., Inc. v. Orleans Parish School Bd., 02-0824, p. 42 (La.App. 4 Cir. 11/17/03), 860 So.2d 610, 635. The trial court was correct in refusing to admit into evidence Randy's unsupportable opinion and conclusive statements.
Because the affidavits submitted in opposition to the defendants' motion for summary judgment are insufficient to raise a genuine issue of material fact, the granting of summary judgment is appropriate.

CONCLUSION
Based on the record before this Court we find that the trial court followed all of the applicable standards outlined above in granting the defendants' motion for summary judgment. Accordingly, we affirm the judgment.
AFFIRMED.