ROBERT A. CHAISSON, Judge.
1 {.This is an appeal by Stacy Benson, wife of and Jeffery Benson, plaintiffs-appellants, from a summary judgment dismissing with prejudice their claims against Wil-dean Huff, wife of and John L. Holcomb, and State Farm Fire and Casualty Co., their insurer, defendants-appellees, in this defective street curb action. For the following reasons we affirm the judgment.
FACTS AND PROCEDURAL HISTORY
The facts are as follows. Stacy Benson had ridden with her mother-in-law to a church in Gretna, Louisiana, where a birthday party was being held for her niece. Her mother-in-law had parked her car at the curb in front of the defendants’ home, which was next door to the church property. As Ms. Benson approached the parked car on her departure from the gathering, she stepped into a depression in the cement curb and fell.
There is no question that the curb at issue here is the property of the City of Gretna, and is not owned by the Holcombs. Photographs of the site show that the curb is slanted down into the street. There is a small pipe running underground |3from the Holcombs’ property to the curb, and then through an expansion joint in the curb. This pipe serves to drain water from the defendants’ property into the street. However, the pipe is completely recessed into the expansion joint. It is positioned well below the top of the curb, and does not extend beyond the edge of the curb where it meets the street. At the time of the incident there was no water exiting the pipe, and no water from it was in the street. The photographs further show that several inches of the upper portion of the curb adjoining the expansion joint are broken out, thus forming a depression. Ms. Benson testified in deposition that she did not step on, or trip over the pipe, but instead turned her ankle when she stepped into the depression. She indicated that at the time, the depression was covered with dirt and grass, which her husband removed in order to photograph the joint and pipe.
Wildean Holcomb and her husband, John Holcomb, filed affidavits stating that the pipe was in place when they bought the property, that they had nothing to do with its installation, that they did not cause the chip in the curb, and that they did not maintain the curb or the adjoining street.
*546 The Holcombs and their insurer urged a motion for summary judgment which was granted. This appeal followed.
LAW AND ANALYSIS
Summary judgment shall be granted where there is no dispute as to any material fact, and mover is entitled to judgment as a matter of law. La.C.C.P. art. 966(C). Where the moving party does not bear the burden of proof at trial, it is sufficient to point out to the court that there is an absence of factual support for one or more of the essential elements of the opposing party’s claim; thereafter, if the adverse party does not come forward with evidence to show that he will be able to meet his burden at trial, there is no genuine issue of material fact. La.C.C.P. art. |4966(C)(2). Supporting and opposing affidavits shall be made on personal knowledge, set forth facts as would be admissible in evidence, and show that the affiant is competent to testify to the matters stated therein. La. C.C.P. art. 967. On appeal, de novo review is the proper standard to be utilized. Goins v. Wal-Mart Stores, Inc., 01-1136 (La.11/28/01), 800 So.2d 783.
In Butkiewicz v. Evans, 6-236 (La.App. 5 Cir. 9/26/06), 943 So.2d 509, this court ruled that:
The burden for tort liability arising from a defect in a public sidewalk is generally with the municipality, not the adjoining landowner. Schully v. Hughes, 00-2605 p. 3 (La.App. 4 Cir. 6/5/02), 820 So.2d 1219, 1221 (and cases cited therein); Graham v. City of Shreveport, 38,953, p. 5 (La.App. 2 Cir. 9/22/04), 882 So.2d 718, 721. Further, an abutting property owner is not generally responsible for the repair or maintenance of a public sidewalk, except where the defect in the sidewalk was caused by the landowner. Schully, 00-2605 at p. 6, 820 So.2d at 1223; Graham, 38,953 at p. 5, 882 So.2d at 721.
In the present case, there is no dispute that the City of Gretna owns and is responsible for the curb. The issue as to the Holcombs is whether the alleged defect in the curb was caused by them. They stated under oath that they did not install the pipe, did not hire anyone to install the pipe, did not cause the chip in the curb, and do not maintain the curb or adjoining street. On this showing, it was incumbent on the plaintiffs to come forth with evidence which would show that they could bear their burden of proving at trial that the defendants did, in fact, cause the chip in the curb.
Plaintiffs submitted the affidavit of Jeffery Benson, Stacy Benson’s husband, wherein he stated that he did not witness the accident, but came on the scene almost immediately after his wife fell. He said he observed the pipe and the surrounding indentation that day, and returned the following day to take pictures of the scene. There is nothing in this affidavit which even remotely suggests that the 15Holcombs caused the indentation, or installed the pipe, and it does not raise any genuine issue of material fact on this point. Because the plaintiffs did not come forward with any evidence which would establish at trial an essential element of their claim, ie., that the adjoining landowners caused the defect, there is no genuine issue of material fact. In this circumstance, summary judgment was properly granted.
For the foregoing reasons, the summary judgment in favor of Wildean Huff, wife of and John L. Holcomb, and their insurer, State Farm Fire & Casualty Company, dismissing plaintiffs’ claims with prejudice, is hereby affirmed.

AFFIRMED